### SIBLEY & MEEK v. CASEY & BIDDLE.

1. In proceedings under the act concerning "buildings," (R. C. 1835. p. 107.) to enforce a lien, the only case in which the land on which the building has been erected and a certain space around the building; can be made subject to the lien of the workman, is where the owner of the land has caused the building to be erected.

2. Therefore on a *scire facias* issued against the owner of the land to show cause why execution should not issue against the land, it is a good defence, that the land on which the building was erected, was at the time &c. the property of deft. and that deft. did not cause the building to be erected.

3. This act was not intended to exempt mechanics &c. from the opera tion of the established rules of law in relation to contracts. Therefore, where one of the defendents pleaded *coverture* at the time &c. such plea was held good.

Opinion of the Court delivered by Napton Judge.

The plaintiffs in error sued out a scire facias from the clerks office of the St. Louis circuit court, by virtue of the provisions of the 6th section of the act for securing liens to mechanics and others; Rev. Co. of '35, p. 108, calling upon Margaret Casey as the person with whom plaintiffs had contracted for a building, and Ann Biddle as the owner of the lot on which the building was erected, to show cause why judgment should not be entered up, and execution had against the property on which they had filed their lien. Defendants appeared and plead. Ann Biddle plead in substance, that the lot on which said building was erected, before and at the time of of the erection thereof, was and still is the property of the said Ann, and that she did not cause the said building or any part thereof to be erected &c and the second plea is virtually the same. Margaret Casey plead coverture. To these pleas, plaintiffs demurred generally.

The demurrer was overruled and judgment given for defendant.

NOV. TERM
1839.

Sibley and
Meek,
vs.
Casey and
Biddle.

The only question made in this court is on the sufficiency of the pleas. The act under which this suit was instituted, provides that artizans, builders, mechanics and those who furnish materials for building under contract with the proprietor thereof shall have a lien upon such materials furnished and to work and labour done on houses and other edifices by them hereafter erected in whole or in part, each artizan, builder, mechanic and labourer, for his own work and materials furnished; the 6th section of the same act further provides "that in all cases under this act, it shall be lawfull for the plaintiff to proceed by scire facias against the original debtor and against all and every person or persons owning or possessing the property against which he wishes to proceed but no judgment to be rendered on the scire facias shall authorise the issuing of any execution except against the property charged with such lein, or such part thereof as the court shall direct. The last section says that the land upon which any building shall be erected, together with a convenient space round the same, not exceeding five hundred square feet clear of the building, shall be also subject to the liens which are to be had under and by virtue of this act, if the said land shall have been at the time of erecting the said building, the property of the person who shall have caused the same to have been erected."

It seems from the last section, that the only case in which the land on which the building has been erected, and a certain specified space around the building, can be made subject to the lien of the mechanic, is where the proprietor has caused the building to be erected. Mrs. Biddle's plea, therefore, seems to me a complete answer to the plaintiffs demand so far as her liability as proprietor was concerned. It alledges, that she was proprietor of the land when and since the building was erected, and that she did not cause the same or any part thereof to be erected; the land was consequently clearly not liable, if this plea was true.

The plea of coverture put in by Mrs. Casey is objected to on the ground that this is a proceeding "in rem" and that

NOV. TERM, 1839.

Sibley and Meek,
vs.
Casey and Sibley.

where the owner of the land has caused the building to be erected.

Therefore, on a scire facias issued against the owner of the land to show cause why execution should not issue against the land it is a good defence, that the land on which the building was erected, was at the time &c. the property of deft. and that deft. did not cause the building to be erected. This act was not intended to exempt mechanics &c. from the operation of the established rules of law in relation to contracts. Therefore, where one of the defts. pleaded *coverture*, at the time &c. such plea was held good.

no plea of personal disability can effect the merits of the claim. We cannot infer any thing from the letter and spirit of this act of the legislature, in relation to mechanics' liens, that it was intended to exempt mechanics from the operation of the established rules of law in relation to contracts. Indeed the first section of the act seems to preclude any such inference. Artizans, builders, mechanics and others who furnish materials for building, "under contract with the proprietor thereof" and those who enjoy the privileges of the lien. The word contract, I presume, was used here in its legal sense, and it is essential to the existence of a contract that there shall be parties to it capable of being contracted with. It is no more hardship on mechanics that they should keep an eye to this principle in making their contracts in relation to building houses, than it would be in reference to any other subject matter. The plea of coverture was therefore a good plea in bar, and the court did not err in overruling the demurrer. Judgment affirmed.