William W. Low, Plaintiff in Error, *v.* The Galena and Chicago Union Railroad Company, Defendant in Error.

### CERTIORARI TO THE CIRCUIT COURT OF COOK COUNTY.

Appraisers for the condemnation of land for the use of the Galena and Chicago Union Railroad Company, receive but one appointment, and when once sworn under it, their proceedings will be valid, although they may be directed to make a reappraisal.

The act requiring a copy of the appointment of the appraisers to be recited in the report, will be complied with, if the appointment is attached to the report, and is made a part of it.

The power of the company to condemn land, for a paint shop, etc., is recognized. Conclusions of fact cannot be inquired into upon *certiorari*.

This is an application under sections 11, 12, 13, 14, 15, 16, 17 and 18 of the act of January 16, 1836, entitled "An act to incorporate the Galena and Chicago Union Railroad Company," made to the judge of said circuit court upon the petition of the directors of said railroad company, for the condemnation of lots 10 and 11, in block 59, old town of Chicago, in pursuance of the constitution of this state and the charter of said incorporation, for the purpose of enabling said company to lay tracks upon said premises and erect thereon a

paint shop and lumber and timber sheds, for the use of said company. The lands proposed to be condemned belong to the said William W. Low. The petition of the company was filed in 1852. Appraisers were appointed and a condemnation had. The assignment of errors. 1. The *power* of said railroad company to condemn the land in question, under the circumstances; and, 2. The *regularity* of the proceedings of condemnation.

SHUMWAY, WAITE and TOWNE, and R. S. BLACKWELL, for Plaintiff in Error.

E. PECK, for Defendant in Error.

CATON, J. The appraisers were sworn, made the appraisement and a proper return to the court. This appraisement was not approved by the court, who referred it back to the same appraisers for another appraisement, for what reason it is now unimportant to inquire. The appraisers, without being again sworn, made a reappraisal, which they reported to the court, which was approved. It is now objected that the appraisers were not resworn. This was unnecessary. They received but one appointment and performed but one duty. It was all one proceeding with but one beginning and one end, and has but one record. The objection cannot be sustained.

It was sufficient that a copy of the order of their appointment was attached to and made a part of their report. It was not important in what part of the report the order of appointment was recited, so that it was there. If it constituted a part of the report, as it did, it was then necessarily recited in it, so far as the requirements of the charter are concerned. The report was sufficient.

The objection that the powers of the company to condemn land for its uses, or depot ground, is fully answered by the case of the *Chicago, Burlington and Quincy Railroad Company* v. *Wilson*, 17 Ill. R. 123, and it is unnecessary to repeat the reasons, which led us to the conclusion there expressed.

We cannot, on this writ of *certiorari*, inquire into any of the conclusions of fact arrived at, either by the court below or the commissioners.

The order must be affirmed.

*Order affirmed.*