## GRAY & SCOTT *v.* POPE & EATON.

1. HUSBAND AND WIFE: WIFE'S LAND NOT BOUND BY MECHANIC'S LIEN.—A married woman is incapable of binding herself, or separate property, at law, by her contracts, and hence her separate estate is not chargeable for work and labor done, or materials furnished and used, in building upon her separate estate, in a proceeding to enforce a mechanic's lien, under the statute. See *Selph and Wife* v. *Howland*, 23 Miss. 264.

2. SAME: VENDOR AND VENDEE: PURCHASER FROM WIFE MAY PLEAD HER COVERTURE TO A LIEN.—As a general rule, the defence of coverture is a personal privilege, which may be waived: but this rule does not apply where a lien is attempted to be enforced in a proceeding *in rem*, upon property once owned by a *feme covert*, and afterwards sold to another: in such a case, the vendee has a right to resist the alleged lien upon any ground which shows that it is not a valid and subsisting incumbrance on his property.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

*T. J.* and *F. A. R. Wharton*, for plaintiffs in error,
Cited *Selph* v. *Howland*, 1 Cushm. 264.

*Johnston* and *Shelton*, for defendants in error.

HANDY, J., delivered the opinion of the court.

This was an action at law to enforce a *lien* claimed by the defendants in error, as lumber merchants, for lumber furnished for a building, to Chapman and wife, which building was the sole and separate property of the wife. The petition shows that after the lumber was furnished, and the building erected, the property was sold by Chapman and wife to Joseph Gray, who afterwards sold it to Andrew G. Scott, who was in possession. The suit was brought against Chapman and wife, and Gray and Scott. Chapman and wife suffered a default, and Gray and Scott pleaded, denying all knowledge of the alleged claim, and requiring proof, and relying on the Statute of Limitations. The verdict and judgment being for the plaintiffs, Gray and Scott sued out this writ of error.

The principal error insisted upon in behalf of the plaintiffs in error, is the rule stated in the third instruction given by the court at the instance of the plaintiffs below, in the following words :—

" If the jury should believe from the evidence that Mrs. Chapman owned the lot as her separate property, at the time the improvements were made, and that the lumber was furnished and used with her knowledge and consent, the buildings and materials would be as much subject to a mechanic's lien as if the lot had not been owned by a married woman."

The first and fourth instructions asked in behalf of the defendants, and refused by the court, contained the reverse of the rule declared in this instruction in behalf of the plaintiffs.

It is settled by this court, in the case of *Selph* v. *Howland*, 23 Miss. 264, that a married woman is incapable of binding herself or her separate property, at law, by her contracts ; and hence, that her separate estate is not chargeable for work and labor, or materials for building upon her separate property, upon a proceeding to enforce a lien created by the statute. That case is decisive of the principle contained in the instructions referred to, and it proceeds upon the reason of the general incapacity of a *feme covert*, who holds property to her sole and separate use, to charge it with her contracts at law, whether she holds the property to her separate use and in her own name, under our statutes, or through the me-

dium of a trustee, in whose name the legal title is, for her use.    In accordance with this rule, the third instruction asked in behalf of the plaintiffs should have been refused, and the first and fourth instructions asked in behalf of the defendants should have been given.

It is, however, said that this incapacity of the *feme covert* to bind her separate property, was a personal privilege to herself; and inasmuch as she did not set it up as a defence, but permitted judgment by default to go against her, that the plaintiffs in error who purchased from her husband and her, are not entitled to any protection on that ground.

It is true, that generally the defence of coverture is a personal privilege.    But that rule cannot apply to a case like the present. The suit was a proceeding *in rem*, to establish a lien upon property formerly belonging to the *feme covert*, and afterwards sold to the plaintiffs in error.    The object of it was to subject the property, in the hands of subsequent purchasers, to a *lien* created before the sale at the instance of the vendors.    As it was a proceeding against the specific property, the vendors, having parted with their title, had no interest in it.    The plaintiffs in error were the only parties interested in it; and as purchasers of the property they were entitled to the benefit of every defence which existed on the part of their vendors, showing that the *lien* attempted to be enforced was not valid in law.    As purchasers of the property they succeeded to all the rights of their vendors, and were entitled to resist the enforcement of the *lien* upon any ground which would have been available to them.    The question upon which the suit depended was, whether there was a valid *lien* upon the property; and if, for any reason sufficient in law, the *lien* was not valid, it was competent for any subsequent purchaser to show that fact, whenever the property in his hands was attempted to be subjected to the *lien*.

We are, therefore, of opinion, that under the evidence in this record, the property was not subject to the lien in the hands of the plaintiffs in error, and that the court erred in granting the third instruction for the plaintiffs below, and in refusing the first and fourth instructions asked by the defendants.

Judgment reversed, and cause remanded for a new trial.