PATRICK O'MALLEY *v.* TIM COUGHLIN and ADELIA, his wife.

October Term, 1877.

MECHANIC'S LIEN — IMPROVEMENT ON THE LAND OF A MARRIED WOMAN. — A mechanic cannot acquire a lien on the land of a married woman, held in her own right, but not as separate estate, for work done and materials furnished in erecting a house thereon, although under a contract made with the wife, with the knowledge and approbation of the husband.

*M. M. Brien*, for complainant.
*M. T. Bryan*, for defendants.

THE CHANCELLOR: — The bill states that the defendant

Adelia, the wife of her co-defendant, is the owner in her own right of a lot of ground in Nashville, and, as such, with the full knowledge and approbation of the husband, contracted with the complainant to furnish materials and build a small grocery-house thereon, which he did. As a part of the contract, the complainant was to have a lease of the premises for five years; but the bill concedes that the contract was verbal, and void beyond one year. The complainant insists, under the circumstances, that he is entitled to a mechanic's lien on the lot for the value of his labor and materials. There being no such contract for a lease as can be enforced in equity, the question presented by the bill, and squarely raised by the demurrer, is whether a mechanic or undertaker can acquire a mechanic's lien on the land of a married woman, held in her own right, and not as separate estate, under a contract made with her, the husband having knowledge and approving.

It has long been settled, in this state, that the husband cannot, either by his own act or by contract, acquire or give a lien on his wife's land for improvements put thereon with her knowledge. The reason is, that by an elementary principle of the common law, which has always been in force in this state, and which a court of equity cannot abrogate, the legal existence of the wife is merged in and incorporated with that of the husband, and she can, therefore, make no contract, give no consent, nor bind herself by acquiesence in regard to such improvements. *Marable* v. *Jordan*, 5 Humph. 417; *Hughes* v. *Peters*, 1 Coldw. 70; *Kirby* v. *Miller*, 4 Coldw. 3; *Catron* v. *Warren*, 1 Coldw. 358. Nothing short of a conveyance by the wife jointly with the husband, in the mode prescribed by statute, will divest her of the title to her land, or enable her to charge it. *Knott* v. *Carpenter*, 3 Head, 544; *Fitch* v. *Baker*, 23 Conn. 563. Unless there is something in the mechanic's lien law which operates a modification of these principles, the complainant's case necessarily fails.

The statute is, that there shall be a lien in favor of the mechanic or undertaker, upon any lot of ground on which a house has been constructed " by special contract " with the owner. Although the words " special contract " have been construed to mean any employment or undertaking to do the work (*Barnes* v. *Thompson*, 2 Swan, 315 ; *Alley* v. *Lanier*, 1 Coldw. 541), still there must be a contract, which implies the mutual assent of persons competent to contract. But, as we have seen, marriage merges the legal existence of a woman during coverture, and she can make no contract. The authorities are, therefore, uniform that a wife cannot create a mechanic's lien on her lands held in absolute right, and not to her separate use. *Kirby* v. *Tead*, 13 Metc. 149 ; *Rogers* v. *Phillips*, 8 Ark. 366 ; *Sibley* v. *Casey*, 6 Mo. 164 ; *Fetter* v. *Wilson*, 12 B. Mon. 91 ; *Robinson* v. *Huffman*, 15 B. Mon. 80 ; *Selph* v. *Howland*, 23 Miss. 264 ; *Gray* v. *Pope*, 35 Miss. 116. In the first of these cases, Shaw, C. J., says : " As the lien is created by statute as incident to the contract, when there is no valid contract there is no lien ;" and the court held that the rule was not different though the husband join the wife in the attempted contract. He may make himself responsible, but he cannot confer upon his wife the power to contract so as to bind her realty. She can only charge her realty in the mode prescribed by law. I have found nothing in conflict with these principles and these decisions. The demurrer must, consequently, be sustained, and the bill dismissed.