# * George H. Cox

## v.

# E. G. T. Colles & Co.

17    503
47    457

1. Mechanic's lien.—The mere fact that the engineer attached the machine in question to the boiler, which was done without the knowledge or consent of the owner, and was followed by an immediate disclaimer and detachment, would not make such an actual use of the machine in the mill as is required to constitute a mechanic's lien.

2. Same.—Where a machine was bought and placed in the mill and an acceptance given therefor, the lien would attach. In a suit against the buyer for the purchase price, he would have the right to recoup any damages accruing to him on account of the machine failing to work as warranted.

3. Acceptance.—The giving of the acceptances did not waive or release the lien, as there was no security upon them, and they were produced in court ready to be surrendered.

4. Defenses available to purchaser's grantee.—Any fact which would tend to destroy, in whole or in part, the purchaser's liability, would be available to his grantee when called upon to discharge the lien.

Error to the Circuit Court of McLean county; the Hon. O. T. Reeves, Judge, presiding. Opinion filed December 4, 1885.

Messrs. Williams, Burr & Capen, for appellant; as to a failure of warranty, cited McClure v. Williams, 65 Ill. 390; Benjamin on Sales, §§ 894, 903; Prickett v. McFadden, 8 Bradwell, 197.

Mr. Thomas F. Tipton, for appellees; that the machines in question were appurtenant to the land, cited McLaughlin v. Johnson, 46 Ill. 163; Palmer v. Forbes, 23 Ill. 301; Cong. Church v. Fleming, 11 Iowa, 533.

As to lien: McLagan v. Brown, 11 Ill. 526; Gaty v. Casey, 15 Ill. 192; Williams v. Chapman, 17 Ill. 425; McCollough v. Caldwell, 3 English (Ark.), 232.

Neither the taking of the draft nor its negotiation, the same

* Case of E. G. Colles & Co. v. George H. Cox et al., same as above.

having been tendered back and filed, operated as a waiver of the lien: Bayard v. McGraw, 1 Bradwell, 135; Phillips on Mechanic's Lien, §§ 276, 394; Green v. Ely, 2 Greene (Iowa), 508; Graham v. Colt, 4 Brown, 61; Muir v. Cross, 10 B. Monroe, 277; Swap v. James, 2 R. I. 270; Morton v. Austin, 12 Cush. 389; Edwards v. Derricson, 4 Dutcher, 39.

CONGER, J. The decree of the circuit court in reference to the claim against the Eagle Mills was in our opinion right. The machines were never attached to the premises by the act or with the consent of the owner. They were purchased by Thomas J. Cox, but before being attached to the mill, he sold the premises to his brother, George H.

The act of the engineer in fitting them to the boiler without the knowledge or consent of George H., followed as it was by an immediate disclaimer and detachment, would not make such an actual use of the machine in the mill as is required to constitute a lien. "The very essence of the lien * * * is the furnishing the materials of which the building is constructed. The act continues in the party furnishing the materials of which the building is erected, a *quasi* property in those materials, and others with which it has been commingled in the building, and allows him to follow it thus transformed for the purpose of getting his pay. There is no lien upon the premises till the material is put upon them· Hunter v. Blanchard, 18 Ill. 324.

In reference to the decree against the Union Mills, it appears from the evidence that Thomas J. had bought the machine in question, placed it in the mill, and had given his acceptance for it, and afterward sold the property to George. The lien in this case had attached. The defense to the claim upon the part of George H. was that as there was a warranty of the machine when placed in the mill, he had the right to show that such warranty had failed, and set up the damages arising therefrom, against the purchase price of the machine.

There can be no question that in a suit against Thomas J. for the purchase price of the machine, even after giving his acceptance therefor, he has the right to recoup any damages

accruing to him on account of the machine failing to work as warranted. Reed v. Hastings, 61 Ill. 266 ; Mann v. Smyser, 76 Ill. 365 ; Ruff v. Jarrett, 94 Ill. 475 ; Wentworth v. Dons, 117 Mass. 14.

When Geo. H. purchased the property he took it burdened with this lien, in so far as it was a valid claim against Thomas J., and any fact which would tend to destroy in whole or in part his liability would be available to his grantee when called upon to discharge the lien. Phillips on Mechanics' Liens, Secs. 104, 421 ; Gray & Scott v. Phillips & Eaton, 35 Miss. 116.

It is not very clear from the record, why the circuit court held Geo. H. liable for the whole amount of the claim, as the evidence clearly shows some damages arising from the breach of warranty, and this case should be tried again, giving Geo. H. the benefit of his defense.

The giving of the acceptances by Thomas J. did not waive or release the lien, as there was no security upon them, and they were produced in court ready to be surrendered. Brady v. Anderson, 24 Ill. 110 ; Clement v. Newton, 78 Ill. 427.

For the reasons indicated the decision of the circuit court in reference to the claim against the Eagle Mills will be affirmed, and that in reference to the claim against the Union Mills will be reversed and that cause remanded.

Affirmed in part and reversed and remanded in part.