*Morgan et al. v. Fallenstein et al.*

---

JAMES M. MORGAN *et al.*, Plaintiffs in Error, *v.* CHARLES B. FALLENSTEIN *et al.*, Defendants in Error.

ERROR TO JACKSON.

Parol evidence is admissible, to show that the consideration of a note has wholly or partially failed.

THE record in this case shows that an action of assumpsit was brought in the Jackson Circuit Court, at May term, 1860, by the appellees against the appellants.   The declaration counts first upon a promissory note for $886.55, with the usual money counts added.

The defendants pleaded first the general issue, and secondly, a plea of partial failure of consideration to the first count; the second plea alleging that the "sum of fifty-nine dollars was included in said note, and in consideration of the agreement and promise of the said plaintiff at the time of making said note, and contemporaneously therewith, that they, the said plaintiffs, would. not institute a suit upon said note, or attempt by legal process to collect it of said defendants, or demand payment thereof of them, until after the first day of June, 1860, and which said time has not yet elapsed, and plaintiffs have instituted this suit and demanded payment of the said sum of $59 before the said first day of June, 1860, by means whereof, the consideration of the said note has failed, and this they are ready to verify; wherefore they pray judgment," etc.

To this second plea a general demurrer was filed, and the court sustained the demurrer.   A trial was then had upon the general issue, and the jury returned a verdict against the appellants, for $897.62.   Motion for new trial was overruled by

the court, and judgment was rendered upon the verdict of the jury. From this judgment, Morgan and Hundley appealed to this court.

The errors assigned are : That the court erred in sustaining demurrer to second plea. That the court erred in overruling motion for new trial, and entering judgment upon the verdict.

WILLIAM J. ALLEN, for Appellants.

C. S. WARD, for Appellees.

CATON, C. J. The second plea to which the court sustained a demurrer, presents precisely the same question that was decided in *Hill v. Enders*, 19 Ill. 163. It may be that, strictly speaking, the agreement to pay the money mentioned in the note at the time there stated, and the agreement not to enforce the payment of that amount till after the first of June, 1861, all being made at the same time, constituted but one agreement, only that part of it which is embodied in the note being reduced to writing, the rest being allowed to rest in parol, and that by the general rule of law, this latter part which was not embraced in the writing, could not be shown by parol. If that rule is to be applied in this case, then it must in all similar cases, and it would be impossible in any case to show a total or partial failure of consideration of a note by parol, for the consideration of a note must necessarily form a part of the agreement in pursuance of which the note is given, and when the note is given, that part of the agreement which constitutes the consideration, is never reduced to writing, and it must be shown by parol if it is ever shown. If I agree with you to deliver you my horse to-morrow, and you give me your note for one hundred dollars in consideration thereof, here only one part of the agreement is reduced to writing by the execution and delivery of the note, and that portion which required me to deliver the horse to-morrow, is left in parol. Shall it be said that when I refuse to deliver the horse, I may turn round and say, you shall never prove it because that portion of the agreement was not put into the writing? The truth is, that even the common law made an exception to that rule of evidence, in cases where notes or other instruments for the absolute payment of money are given. It has always been admissible to show by parol, the consideration upon which such instruments were executed. But whatever may have been the rule of the common law, our statute has expressly provided for this defense, and necessarily, to give effect to the statute, parol evidence must be admitted to

show what the consideration was, as well as to show that that consideration has failed. The statute has made no exception, and we can make none. A note or bond to pay money, is necessarily but a part of the agreement between the parties, leaving out as it does all that portion of the agreement which induced the undertaking to pay the money, and if this part could not be shown by parol, there must ever be a liability to a failure of justice. Nor is the exception to the general rule upon which the counsel here rely, confined to showing by parol a failure of consideration. Usury, and, in fine, any other defense arising out of the original agreement upon which the note was given, or of which the note constitutes a part, may be shown by parol in order to establish a defense to the note.

The demurrer to the plea should have been overruled, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*