# ROBERT REED

## *v.*

# HIRAM HASTINGS.

1. WARRANTY—*what constitutes.* While no particular form of words is necessary to constitute a warranty, yet there is a distinction as to the legal effect of expressions when used in reference to a matter of fact, and when used to express an opinion. When the representation is positive and relates to a matter of fact, if relied on by the purchaser and it induced the purchase, it constitutes a warranty; but when the representation relates to that which is a matter of opinion or fancy, as the value of a horse or other article of property, it does not amount to a warranty unless there are other declarations which leave no doubt of the intention to warrant.

2. The intention with which the representation is made is to be determined by the character of the representation made, and the object to be effected by it.

APPEAL from the Circuit Court of Lake county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. STORY & KING, for the appellant.

Mr. SIDNEY SMITH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit on a promissory note, with the common counts. The note was given for a flock of sheep, and the defense was, that the plaintiff represented to the defendant that the ewes, of which there were more than three hundred in the flock, had not been with the bucks—not more than a dozen of them—and that not more than that number were with lamb. The case turns upon this point. The testimony was conflicting, and it was a fair question for the jury whether the representations made were a warranty or a mere expression of opinion. This court has said that no particular form of words is necessary to constitute a warranty, but there was a distinction as to the legal effect of expressions when used

in reference to a matter of fact, and when used to express an opinion. When the representation is positive and relates to a matter of fact, it constitutes a warranty, but where the representation relates to that which is a matter of opinion or fancy, as the value of a horse or other article of property, it does not amount to a warranty unless there are other declarations which leave no doubt of the intention to warrant. *Towell* v. *Gatewood*, 2 Scam. 22 ; *Adams* v. *Johnson*, 15 Ill. 345.

Appellant complains that this distinction was not regarded by the court trying the cause, in giving to the jury the instructions asked by plaintiff, and we are of that opinion. We think the third, fourth and fifth instructions for the plaintiff should not have been given in the terms used, especially the fifth. All of them, as given, were calculated to mislead the jury.

The jury were not told that, if the representations made by the seller were mere expressions of opinion as to the condition of the ewes, they would not amount to a warranty, but if they were representations or statements of a fact that the ewes had not been with the bucks, and which statements were relied on and induced the purchase, they would amount to a warranty.

It surely can not be the law that a vendor of a chattel is permitted to make any false statements of fact in relation to the article, which he may choose to indulge in, thereby inducing the purchase, and not be accountable to the purchaser. The fact that the ewes had not been with the bucks prior to the sale, was an important fact to the purchaser, and when deliberately asserted it amounts to a warranty, if made with a view of assuring the buyer of the truth of the fact asserted, and to induce him to make the purchase if the affirmation is so received and relied on by the purchaser. *Hawkins* v. *Berry*, 5 Gilm. 39 ; *Ender* v. *Scott*, 11 Ill. 35. There is nothing in the case of *Wheeler* v. *Reed et al.* 36 ib. 81, in conflict with what is here said. There the question was, as to the quality of the flour sold, and the jury were told that it was not necessary the word "warrant" should be used in order to make a warranty of the quality of the article sold, yet, to make any affirmation or

representation of the quality amount to a warranty on the part of the seller, it must appear to have been made at the time of the sale with the intention of thereby warranting the quality of the article, and not the mere expression of the seller's opinion. In that case, there was an assertion of the quality of the flour; here, it is claimed, was a positive affirmation of an important fact that should have been in the knowledge of the seller. The intention with which the representation is made is to be determined by the character of the representation made, and the object to be effected by it.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*