65   175
27a  658

## ISAAC SHACKELTON *et al.*

*v.*

## JOHN LAWRENCE.

1.  WARRANTY—*instruction as to effect of representation.*  Upon the trial of an issue on a plea of failure of consideration, arising from a breach of warranty by the plaintiff as to the quantity of land sold in growing crops,

the court told the jury, in an instruction, that if the assertions of the plaintiff were the expression of the judgment, opinion or belief of the plaintiff, and the crops were open to inspection, and the defendants might, by ordinary prudence, have discovered the amount of the crops, such assertions, although untrue, were no defense: *Held,* that the instruction was too broad. It should have been that, if the statements of the plaintiff were made *only* as a matter of opinion, and not as a representation of a fact · upon which the defendants could rely, and made as an inducement to the purchase; and if, further, the parties had equal means of information as to the truth of the assertion, then the defense would fail.

2. SAME—*instruction based on wrong theory.* Where the issue being tried was whether certain representations made upon a sale constituted a warranty, and if so, whether it was broken, an instruction based upon the theory that the issue was one of fraud, was held erroneous, as necessarily tending to mislead the jury.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was a suit, by the appellee against the appellants, upon a promissory note given for a contract for the sale of land and the crops thereon. The defense was, failure of consideration in this, that plaintiff, at the time of making the contract, represented and warranted that a crop of wheat was growing on fifty acres of the land; that fourteen bushels of barley had been sown, and a quantity of oats and potatoes had been put in, whereas there was only thirty acres in wheat, etc. The second instruction given by the court for plaintiff is as follows:

" An assertion by the plaintiff, Lawrence, at the time of the sale of the land and crops in question, as to the amount of such crops, although positively made and relied on by the defendants, or either of them, and not in fact true, is not necessarily fraudulent in law. And if the jury believe from the evidence that such assertions, if made at such time, were the expression of the judgment, opinion or belief of the plaintiff, and that the crops sold were open to the inspection of the defendants, and that, by ordinary prudence and precaution, they would have discovered and known at the time of the purchase

what the amount of the said crops was, then such false assertions, if made, are no ground of defense in this suit."

Mr. CHARLES KELLUM, for the appellants.

Messrs. DIVINE & PRATT, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The second instruction given by the court for the appellee should not have been given. The pleas set up a failure of consideration because of a warranty by the plaintiff as to the quantity of land in growing crops.

This instruction is based upon the theory that the issue to be tried was one of fraud, and necessarily tended to mislead the jury. The latter part of the instruction is also too broad. It tells the jury that if the assertions were the expression of the judgment, opinion or belief of the plaintiff, and the crops were open to inspection, and the defendants might, by ordinary prudence, have discovered the amount of the crops, such assertions are no defense.

The instruction should have been that, if the statements of the plaintiff were made *only* as statements of his opinion, and not as representations of a fact upon which the defendants could rely, made as an inducement to the purchase; and if, further, the parties had equal means of information as to the truth of the assertion, then the defense would fail.

For the error in this instruction, upon which the case wholly turned, the judgment must be reversed and the cause remanded.

*Judgment reversed.*