# ISAAC W. ROBINSON *et al.*

## *v.*

## ELIJAH HARVEY.

WARRANTY—*by representations*. No particular words or form of expression is necessary to create a warranty, but there is a distinction as to the legal effect of expressions, when used in reference to a matter of fact, and when used to express an impression or opinion. Where the representation is positive, and relates to a matter of fact, it constitutes a warranty.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. C. H. PATTON, for the appellants.

Mr. THOS. S. CASEY, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a promissory note, for $1575, bearing date December 12, 1873, payable sixty days after date, upon which were indorsed several payments. The plaintiff below recovered, and defendants appealed.

The defense set up was, that the note was given for the purchase money of one horse and sixteen mules; that there was a warranty by the plaintiff that the animals were sound, that eight of the mules were broke mules, and that none of them were less than three years old in the spring of 1874.

Two of the defendants testified on the trial that, on the 12th of December, 1873, they were buying mules for the southern market; that on that day, which was a very rainy, bad day, they went to see plaintiff's mules; that they found the stock running loose in a lot nearly knee deep in mud. It was raining, and they could not well examine them; that they told plaintiff, if they traded, they would have to take his word for the description of the stock. They asked plaintiff all about the mules and a horse they saw in the lot. Plaintiff said the horse was a good, sound horse; that plaintiff represented all the mules were two years old past; that they were all sound as a dollar, and all right, so far as he knew; that six or eight (witness thought it was eight,) of the mules were broke mules; that they might rely upon this; that the stock was exactly as he had told them; that witnesses told plaintiff that if they bought the stock at all, they would have to buy it upon his representations of the quality; that he replied, "all right, you can do so. I am a man of my word, and you will find it so." Whereupon they took the stock, drew up the note sued on, and drove the stock away.

The witnesses were then asked whether the horse and mules proved to have been sound or not, at the time of the purchase;

and if any of the plaintiff's representations as to the character of the stock were untrue, to state in what particular, and what damages, if any, resulted therefrom. The questions were objected to, and the objections sustained by the court, and the questions excluded on the ground that the contract of sale did not amount to a warranty of the quality or condition of the stock. And thereupon the jury were discharged by agreement, and the court rendered a judgment for plaintiff for the sum of $453.34, the balance appearing to be due upon the note after deducting the credits indorsed.

No particular words or form of expression is necessary to create a warranty, but there is a distinction as to the legal effect of expressions when used in reference to a matter of fact, and when used to express an impression or opinion. Where the representation is positive, and relates to a matter of fact, it constitutes a warranty, as, that a ship is an American or French ship, or that the crew consists of so many hands. 3 Mann. & Ryland, 2.

In *Hawkins* v. *Berry*, 5 Gilm. 36, it was laid down that, to constitute a warranty, the term "warrant" need not be used, nor is any precise form of expression required; but there must be an affirmation as to the quality or condition of the thing sold, (not asserted as a matter of opinion or belief,) made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase, which is so received and relied on by the purchaser. And see *Reed* v. *Hastings*, 61 Ill. 266; *McClure* v. *Williams*, 65 id. 390.

The evidence here certainly tended to prove a warranty as above defined, and presented a fair question for the jury, and the court below assumed too much, and trenched upon the province of the jury in deciding there was no warranty proved, and excluding evidence of any breach of the alleged warranty.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*