JOHN RUFF *et al.*

*v.*

JAMES JARRETT.

</div>

1. PAROL EVIDENCE—*of warranty, when a bill of sale is given.* Where a bill of sale of a lot of ice does not show to whom the sale was made, the quantity sold, nor the price per ton, but simply that the ice was sold by the vendor, describing its location and stating that it was to be removed between the date of the instrument and the first of April following, it will not constitute a contract between the parties without the aid of extrinsic evidence, and parol evidence is admissible to show that the sale was made with a warranty, on a plea of failure of consideration to an action on the note given for the price.

2. SAME—*to show failure of consideration.* In a suit upon a promissory note given for the price of personal property purchased, parol evidence of a warranty of the property and a breach of the warranty is admissible, and this has never been held to vary, contradict or change the terms of the note, which is but a part of the agreement.

3. FRAUDULENT WARRANTY—*statement of fact that vendor ought to have known to be false.* If the vendor of a lot of ice makes a positive assertion to the purchaser that he had measured the ice and there was a specified quantity, and the statement was untrue, the vendor must have known its falsity, or at least was bound to know, and if the purchaser relied upon the truth of the assertion when it was untrue, and purchased in consequence thereof and suffers damages thereby, he will be entitled to recover damages of the vendor either in a suit against the vendor, or in a suit by the vendor to recover the purchase money.

4. A warranty may be false, and not only false but known to be so by the vendor, and when thus made, it is denominated a fraudulent warranty, and in such a case it is error to so instruct the jury as to make the whole case turn upon the question of fraud, excluding all consideration of a warranty.

5. FRAUD—*how far purchaser must rely on fraudulent statements.* In an action upon a note given for ice purchased, where fraud and a breach of warranty are set up in defence, it is not correct to instruct the jury that even

| 94 | 475 |
| 22a | 508 |
| 23a | 27 |
| 94 | 475 |
| 28a | 274 |
| 94 | 475 |
| 29a | 269 |
| 94 | 475 |
| 35a | 481 |
| 94 | 475 |
| 40a | 628 |
| 94 | 475 |
| 149 | 439 |
| 94 | 475 |
| 52a | 93 |
| 94 | 475 |
| 72a | 503 |
| 72a | 580 |
| 94 | 475 |
| 73a | 440 |
| 94 | 475 |
| 84a | 399 |
| 94 | 475 |
| 90a | 551 |
| 91a | 41 |
| 94 | 475 |
| 97a | 373 |
| 94 | 475 |
| 194 | 416 |

if the statements made were untrue as to the quantity of the ice, the purchaser could not complain unless he relied solely on such statements as being true in making the purchase. It is sufficient if he would not have made the purchase but for such statements, though he may in part have relied on other facts.

6. EVIDENCE—*degree of, required in civil suit.* The jury in a civil suit are only required to believe a state of fact from a preponderance of the evidence, and it is error to instruct them that they must be *satisfied* by a preponderance of the evidence, as imposing a higher degree of proof than the law requires.

7. INSTRUCTIONS—*when the evidence is conflicting.* Where the evidence is conflicting as to the controverted facts and issues in a case, it is essential that the several instructions should be accurate.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices.

This was an action of assumpsit, brought by James Jarrett against John Ruff and others, upon a promissory note. The case was tried in the circuit court of Adams county, the Hon. JOSEPH SHOPE, judge, presiding, and taken by appeal to the Appellate Court.

Messrs. ARNTZEN & MOORE, for the appellants.

Messrs. MARSH & MCFADDEN, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that Jarrett brought an action of assumpsit against Ruff and others on a promissory note for $3340. Defendants filed the plea of the general issue and pleas of partial failure of the consideration, and warranty of the quantity of ice for which the note was given, and that the warranty had failed, whereby they had suffered loss. A trial was had by the court and a jury, which resulted in a verdict in favor of the plaintiff. After overruling a motion for a new trial the court rendered a judgment on the verdict against defendants, and they appealed to the Appellate Court

for the Third District.   On a trial in that court the judgment of the circuit court was affirmed, and the case is brought to this court on appeal.

It is urged, as a ground of reversal, that the circuit court erred in giving instructions for the plaintiff.   The first instruction informs the jury that the written bill of sale signed by appellee constitutes the contract between the parties, and that there was no warranty, nor could the jury consider any evidence outside of it as to the question of a warranty, but only as to the question of whether the representations made as to quantity and quality of the ice were fraudulent.

The bill of sale does not say to whom the sale was made, the quantity sold, nor the price per ton, but simply the ice was sold by appellee, describing its location, that it was sold for $3340, and that it was to be removed between the date of the instrument and the first of April, 1878.   This can not be regarded as a contract between the parties without the aid of extrinsic evidence.   If evidence may be introduced to prove who was the purchaser and to give effect to this bill of sale, then what reason can there be for not permitting evidence of a warranty ? Suppose this incomplete instrument had not been produced in evidence, and the same proof had been made in regard to the guaranty or warranty, can it be contended that the evidence would not have been admissible?   If such is not the rule, then a person purchasing and relying on a warranty would never be protected by it if he gave his note or took a bill of sale or particulars in writing, unless it contained a written warranty.   We have never known such a rule contended for, nor are we referred to any such authority.   The case of *Shackelton* v. *Lawrence,* 65 Ill. 175, was a suit on a note, and the defence was a breach of a warranty, pleaded as a failure of consideration, and no such objection was taken.

The case of *Reed* v. *Hastings,* 61 Ill. 266, was also on a note, and the defence of a warranty was allowed without objection.

The case of *McClure* v. *Williams*, 65 Ill. 390, was also on a promissory note, and the defence of a failure of consideration, because of the breach of warranty, was allowed.

Many, if not a majority, of the cases in our court have been on promissory notes, and the objection has never been allowed that to permit proof of the warranty outside of the note, and by parol, would be to vary, contradict or change the terms of the note.

In the case of *Morgan* v. *Fallenstein*, 27 Ill. 31, it was said, in discussing the defence of a failure of consideration: "A note or bond to pay money is necessarily but a part of the agreement between the parties, leaving out, as it does, all that portion of the agreement which induced the undertaking to pay the money, and if this part could not be shown by parol, there must ever be a liability to a failure of justice. Nor is the exception to the general rule upon which counsel here rely confined to showing by parol a failure of consideration. Usury, and in fine any other defence arising out of the original agreement upon which the note was given, or of which the note constitutes a part, may be shown by parol in order to establish a defence to the note." That the breach of warranty of the property for which the note was given constitutes a defence either in whole or in part, none will deny.

We have seen that the instrument by appellee to appellants does not profess to give the terms of the agreement, nor does it by the language employed purport to be connected with this transaction. To render it an agreement governing this transaction, a material portion of its terms had to be supplied by parol. If such omitted portion may be thus supplied, surely no well founded reason can be urged why the entire omitted portions of the agreement may not be thus proved. *Barker* v. *Garvey*, 83 Ill. 187.

The case of *Houghton* v. *Carpenter*, 40 Vt. 588, was a memorandum signed by one of the parties to the suit, and stated he had received butter, and a statement of the payment from some one not named. It was held the written memo-

randum signed by the defendant had no legal effect as a contract, and was unmeaning until the parol contract was proved to give it application; that the plaintiff, having the right to prove the sale by parol, was at liberty to prove the warranty. And for the same reason the same rule applies in this case.

The case of *Mann* v. *Smyser*, 76 Ill. 365, fully sustains these views. In fact that case goes farther than anything we have here said.

The circuit court erred in giving appellee's first instruction.

The fifth instruction given for appellee is erroneous and should not have been given. It informs the jury that there can be no fraud without an intent to deceive, and that unless they were satisfied by a preponderance of the evidence, not merely of the falsity of the statement that appellee had measured the ice, but also of the further fact that he knew the statement was false, and that he made it purposely to defraud and deceive appellants, they must find for appellee.

In the case of *Thorne* v. *Prentiss*, 83 Ill. 99, the rule is stated that if the seller makes a distinct assertion of the quality or condition of the article sold, whether it amounts to a warranty or not, which he knows or should know is untrue, with a view to induce another to buy, and the other relies on and believes the assertion to be true, and, relying thereon, purchases, and damages ensue, he may maintain an action for deceit. To the same effect are the cases of *Allen* v. *Hart*, 72 Ill. 106, and *Mitchell* v. *McDougall*, 62 id. 498, and numerous other authorities might be cited in illustration of the principle.

It follows, that if appellee made the positive assertion that he had measured the ice and that there was a specified quantity, and the statement was untrue, he must have known its falsity, or at least was bound to know. And if appellants relied upon the truth of the assertion when it was untrue, and purchased, and have suffered damage thereby, they are entitled to recover. In this, the fifth instruction was wrong.

It was also erroneous in saying to the jury that they must be satisfied by a preponderance of the evidence. This was

improper, as it imposed a higher degree of proof than is imposed by the law. The jury were only required to believe from a preponderance of the evidence, and not to be satisfied by the proofs, as the instruction requires. Satisfactory evidence almost excludes doubt, whilst belief from a preponderance of evidence does not, but leaves the balance in the mind on one side of the proposition.

Again, in several of the instructions the jury are told that even if the statements were untrue as to the quantity of ice, appellants could not complain, unless they relied solely on them as true in making the purchase. This is not correct, as they may have relied in part on other circumstances, but would not have purchased had the statements not been made. If such was the fact, then the statements induced the purchase, but were not perhaps the sole inducement. It is true, appellants in some of their instructions say if they relied solely on the statements, they could recover. It may be that if this was the only error, they, under the circumstances, would not be permitted to complain.

The court erred in modifying the first and fifth of appellants' instructions before giving them. By the qualifications the question of warranty was wholly ignored. A warranty may be false, and not only false, but known to be so by the vendor, and when thus made is denominated a fraudulent warranty. These instructions were drawn on that theory, and were, under the evidence, proper to be given without modification. And the third instruction asked by appellants was of the same character, and was improperly modified. The modifications make the entire case turn upon fraud, and exclude all question of warranty.

The first instruction given for appellee informed the jury that there was no warranty, and these instructions were modified so as to conform to that theory. On turning to the evidence, we see it is conflicting to an extent that rendered it essential to a correct finding that the instructions should have been accurate. The evidence is not so clearly in favor of

appellee that we can say that the erroneous instructions did not mislead the jury in their finding. On the contrary, we think they may have had that effect.

We are unable to perceive any force in the argument under the cross-error, and deem it unnecessary to discuss it, and we suppose it is not relied on by appellee. A party surely can never justify a fraud by saying the other party should not have relied on his false and fraudulent statements. He can not be heard to say, true my statements were untrue, but you should not have believed them.

For the errors indicated, the judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*