## GEORGE M. EMRICK
### V.
## WALTER B. MERRIMAN.

*Sales—Warranty—Evidence—Instructions—Error without Prejudice.*

In an action to recover for a breach of an alleged warranty upon the sale of a cow, it is *held:* That the admission of subsequent statements made by an agent of the defendant, though erroneous, did not prejudice the defendant; that the evidence of men experienced in the cattle business was competent on the question of damages; and that an instruction given for the plaintiff, though not technically accurate, taken in connection with those given for the defendant, could not have misled the jury.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Carroll County; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. J. M. HUNTER, for appellant.

If Merriman, at or before the time of the purchase, intended to rely upon anything aside from his own judgment in the purchase of this animal, as to her qualities or soundness, he should have exacted a warranty from the seller in those par-

ticulars, and if he failed to do so he is not entitled to recover in this case, even although the animal might have been defective and unsound in the matters complained of. Wheeler v. Reed, 36 Ill. 81; Hawkins v. Berry, 5 Gil. 36; Reed v. Hastings, 61 Ill. 266.

The jury were instructed, as the law of the case, " that if any expressions were used by the defendant or the auctioneer on his behalf, at or before the sale of the cow in question to the plaintiff, which amounted to an affirmation of the quality of the cow, intending thereby to warrant the quality of the cow, and that the plaintiff understood the same to be a warranty, and in making the purchase he relied upon such warranty, then the jury should find there was a warranty."

If the jury believed that expressions had been used, etc., then they are to find there was a warranty. A warranty of what quality? Were they to find a warranty of every quality the purchaser might desire? Was it to be a warranty of soundness, or that there would be a flow of milk from all four teats of the udder, or was the warranty to be confined to the particulars about which the expressions were so used? See, Howe S. Mch. Co. v. Layman, 88 Ill. 39; Trish v. Newell, 62 Ill. 196; C. & N. W. R'y Co. v. Chisholm, 79 Ill. 584.

Mr. JAMES SHAW, for appellee.

Warranty is always a question of intention, and is a question peculiarly within the province of the jury to determine from the evidence. The word warranty need not be used. Any affirmation of fact as to the quality, condition and of the value of an animal sold, made by the seller or the agents, at the time of the sale, for the purpose of assuring the buyer of the truth of such fact to induce him to make the purchase, received and relied on by the purchaser, constitutes a warranty. Hawkins v. Berry, 5 Gil. 36; Robinson v. Harvey, 82 Ill. 58; Thorne v. McVeagh, 75 Ill. 81.

These were not statements of opinion, but deliberate statements of facts, and these statements were made to cover up, conceal and keep in the background hidden, secret defects which ruined the value of the cow. And they were facts

peculiarly within the knowledge of Dr. Emrick and his man-ager. They take the case entirely out of the rule of *caveat emptor.* Applebee v. Rumery, 28 Ill. 280; Eames v. Morgan, 37 Ill. 260; Kohl v. Lindley, 39 Ill. 195; Ruff v. Jarrett, 94 Ill. 475; 1 Parsons, Contracts, 577.

The instruction as complained of is sustained by many authorities. See Robinson v. Harvey, 82 Ill. 58; Thorne v. McVeagh, 75 Ill. 81; Van Buskirk v. Murden, 22 Ill. 446.

WELCH, J. This was a suit brought by the appellee against the appellant before a Justice of the Peace and appealed to the Circuit Court by the appellant where another trial was had and verdict and judgment against the appellant, from which this appeal is taken. Various errors are assigned. On the 14th day of January, 1886, the appellant had a public sale of stock, consisting of finely bred, or what was called blooded stock on his stock farm near Brookville in the County of Carroll; that at said sale appellee purchased a cow at the price of $155 of the Holstein-Friesian breed of cattle. She was purchased for milking and breeding purposes; she was heavy with calf at the time of the sale; appellee at the time of the purchase, discounted his bid, under the rules of the sale, by paying $150 in cash to the appellant. When the calf came, some ten days after the sale, it was discovered that by reason of defects in the udder, milk would only flow from one of the teats, and from one-fourth of the bag. This defect could not be discovered by a personal examination when the cow is not giving milk; this suit is brought by the appellee against the appellant, based on the claim that there was a warranty of the cow, and that there was a breach of that warranty, and that he had the right to recover the difference between the cow as warranted, and the actual value of the cow as she was. The principal question for the jury was as to the terms of the contract of sale. Was there a warranty of the cow? The evidence on this point is conflicting. The evidence tends strongly to show that on the day of sale appellee informed the appellant and his manager, Fager, that he wanted to buy a cow for milking and breeding purposes, and that he was informed by them, "We have lots of them, and good

ones." That appellee examined the cow prior to his purchase of her, and asked the manager if she was good and that he said, "She was?" That the auctioneer at the sale publicly gave the pedigrees and said they were all right and sound, that they were first-class cattle, and ought to bring as much as they were worth. That the appellant publicly at said sale stated: "If any were not right it would be made all right." When the cow that appellee purchased was being sold, and when the bid on her was $150, appellant said: "The cow was worth more money than that, and had a calf in her worth more than the cow." That the condition of the cow before she was sold was well known to the manager, Fager, and to appellant, Fager states in answer to the question, "Do you know the condition of the cow before she was sold?" Answer, "I did; the condition of her udder was that she had only one 'eat; I tried to milk her the spring before, and had a great deal of trouble with her; her bag was swollen; she had a calf in March, 1885; I tried to milk her; three of her teats would give no milk; I tried to open them with a needle but could not; the teats were spoiled." He further states: "The day before the sale," he was talking with the appellant, "I called his attention to a few cows, and this one in particular; I asked him if he would not make a public statement in regard to her condition as well as others; he said, to say nothing about it." He further states as to her value: "She was not worth more than $10 or $15. * * * If her bag was all right she might be worth more than she brought." It is insisted by counsel for appellant, that the court erred in admitting the statements of Fager to the appellee, after the time of the sale of the animal. The objection technically is well taken. But as Fager himself was a competent witness as to those statements, and was examined in regard thereto, and made the same statement as made by appellee as to the condition of the cow, and his and appellant's knowledge thereof before sale, and the conversation between Fager and the appellant, no injury could have resulted to the appellant on that account. A warranty may be false, and not only false but known to be so by the vendor, and when thus made it is denominated a fraudulent warranty. Ruff et al. v. Jarrett, 94 Ill. 475.

It is also insisted by counsel for the appellant that the court erred in its admission of evidence upon the question of damages; that it was irrelevant and speculative. We do not consider the error well taken. Men of experience in the cattle business were called and testified from actual knowledge of the effects of inflamed udders upon the value of cows. Fager, who testified as to her value, had had experience with this same cow the year before, and fixed her value at not exceeding $10 or $15.

There was but one instruction given on the part of the appellee, by the court. It is insisted by counsel for the appellant that the court erred in giving this instruction. This instruction was not technically accurate, but taken in connection with the instructions given for the appellant, which state the law as favorable to the appellant as he could have desired, the jury could not have been misled by this instruction. We are of the opinion, taking the evidence in this case all together, that there is a preponderance of evidence in favor of the claim of the appellee; that there was a warranty of this cow; and that there was a breach of that warrant, and that the condition of the cow was known to the appellant prior to the sale, and that the damage sustained by the appellee was equal to the amount of the verdict in this case. Substantial justice has been done.

*Judgment affirmed.*