## JACOB R. CASSELBERRY
### v.
## JULIA P. WARREN.

*Negotiable Instruments—Notes—Failure of Consideration—Written Contract—Parol Evidence to Vary.*

1. A representation, to be fraudulent in the legal sense, must relate to a past fact or present condition, and not be a mere promise as to a future event.

2. All prior and contemporaneous oral stipulations between the parties to a written contract, touching the subject-matter thereof must be held to be merged therein.

[Opinion filed June 2, 1891.]

In error to the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Mr. George L. Thatcher, for plaintiff in error.

Messrs. Osborne Bros. & Burgett, for defendant in error.

Moran, P. J. This action was brought to recover on six promissory notes made by plaintiff in error to his own order and indorsed to appellee. The case was tried by the judge without a jury, and there was a finding and judgment against plaintiff in error. The defense was failure of consideration. To support it plaintiff in error introduced a written contract made between Lorin S. Allen and Julia P. Warren on one part, and plaintiff in error on the other, in and by which they sold and assigned to him for a consideration of $40,000, "all the orders and subscriptions now existing for the purchase of copies of the Encyclopædia Britannica taken and obtained by Moses Warren & Company, and by Lorin S. Allen individually, or as surviving partner of Moses Warren & Co.," under and by virtue of certain agreements between said Moses Warren & Co. and Scribner, Armstrong & Co. The parties of the first part agree further by said contract to

turn over to plaintiff in error all order books, etc., and other written evidences of said orders or subscriptions, and it is provided that "the subscriptions hereby assigned are in many instances partially filled, and are taken as they now are," and the parties covenant that they have full power and authority to sell and assign such orders and subscriptions.

Plaintiff in error offered to prove that at the time the above contract was made, the parties of the first part warranted by parol that a certain percentage of the subscribers would take the books and pay for them; that twelve hundred of the said subscribers did not take the books and were not good, and that plaintiff in error lost upward of $10,000 thereby, which he ought to be allowed to recover from the said notes which were given in consideration of said contract. The court excluded the evidence of such parol warranty.

The contract of assignment of the orders or subscriptions is in writing and signed by both parties to it. It must be held to speak the whole truth as to what the agreement was. All prior and contemporaneous stipulations between the parties having reference to the subject of the sale and transfer of the orders must be held to be merged in it. A parol warranty can not be tacked onto such a contract. Graham v. Eiszner, 28 Ill. App. 269, and authorities there cited.

Counsel contends, however, that such a parol representation was an inducement to the making of the contract, and that if the parol evidence of it can not be received to show that the contract itself was different from that contained in the writing, it is admissible to show that the assent of plaintiff in error to the contract was obtained by false pretenses, and the contract being bottomed on such fraudulent representation, the party making it will be held to it, and the law will enforce it by allowing damages for its falsity to be recouped, in an action on the notes.

The representation, as stated by the counsel, is "that the orders sold and conveyed by the contract were good, viz., that the parties could be found and would receive the books and pay for the same when tendered to them."

Such a statement is not one on which an allegation of false

pretenses or fraudulent representation can be predicated. It is a representation or statement as to circumstances to occur in the future. A representation, to be fraudulent in the legal sense, must relate to a past fact or present condition, and not be a mere promise as to a future event. Miller v. Howell, 1 Scam. 499; Jackson v. The People, 126 Ill. 142; Bigham v. Bigham, 57 Tex. 208; Leahe on Con., 353; Endsley v. Johns, 120 Ill. 469.

The cases relied on by counsel are all cases in which the statements made related to past facts or existing conditions. Reed v. Hastings, 61 Ill. 266; Mitchell v. McDougall, 62 Ill. 498; Allen v. Hart, 72 Ill. 104; Ruff et al. v. Jarrett, 94 Ill. 475.

The evidence offered would not prove a defense to the notes, and was therefore properly excluded.

The judgment must be affirmed.

*Judgment affirmed.*