## W. O. Peake v. Anderson Walton.

1. DECEIT—*False Representations as to Quality of Land Sold.*—An action for deceit will lie for falsely and fraudulently representing the quantity of a tract of land and thereby deceitfully inducing a person to buy the same.

2. VARIANCE—*Between Proof and Declaration May be Waived.*—A variance between the allegation of the declaration and the proofs is waived by the introduction of the evidence without objection.

**Memorandum.**—Action for deceit. Appeal from the Circuit Court of Coles County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

F. K. DUNN, attorney for appellant.

HUGHES & HAYES, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Action on the case brought by appellee, for deceit as to boundary and quantity of a tract of land sold to him by appellant. Plea, not guilty; trial by jury and verdict for plaintiff for $312.50, which the court refused to set aside and rendered judgment thereon.

The declaration avers that plaintiff bargained with defendant for a tract of land described in the deed annexed, and that defendant took him to the premises and showed what purported to be the lines and corners thereof, and represented to him that they contained seven acres; that the lines and corners so shown were not the true lines and corners of said tract and it did not contain seven but only four and 47-100 acres; that defendant knew it and made the representations falsely and fraudulently; that plaintiff relied on them as true and was thereby induced to buy the tract for $1,400; that included in the lines and corners so pointed

out were two lots, 120 by 170 feet together, but they were not included in the true lines and corners.

The errors assigned are improper instructions given for plaintiff and the refusal to set aside the verdict as being against the evidence.

There was no dispute of defendant's ownership of the land as plaintiff claims it was pointed out. He might have lawfully conveyed it, and did convey it, excepting the two lots mentioned, which were by the deed reserved to the grantor. It was very irregular in shape, being what remained of a tract of a little over ten acres in the city of Charleston, out of which he had conveyed eight or nine scattered parcels. He had put it for sale in the hands of Mr. Tooke, a real estate agent in that city, who advertised it as directed by appellant in his column of the Charleston Courier as follows:

" No. 22, seven acres, lots of small fruit trees, good house, six rooms, good barn, fine brick cellar, two wells, one spring living water, orchard, chicken house, large quantity of grapes, No. 1 locality.   Only $1,400.   Very cheap."

Appellee had been a farmer, living six miles east of the city.   His attention having been arrested by this advertisement, he called on Tooke, who showed him the premises and told him, more particularly than was stated in the advertisement, the terms on which they could be bought.   A few days afterward, in company with Mr. Albert C. Ely, he called on appellant.   They found Mr. Robert Stewart with him. They all went out upon the land, and appellee, Ely and Stewart say appellant pointed out the boundaries as including the two lots mentioned.   Appellant did not deny it, but claimed that he told appellee those lots were reserved.   Tooke testified that he also so told him, but appellee contradicted both of them, and Stewart corroborated him as against the statement of appellant.   On the question of their reservation and notice thereof to appellee there was no other evidence.

On behalf of appellant it is insisted that if he did represent the boundaries as including the two lots, without giving

appellee notice of his intention to reserve them, and did not include them in his deed, and intended at the time not to include them, those facts show only a failure to convey as much as he agreed to convey, which was but a breach of the agreement, without any element of tort, and that for such breach an action on the case for deceit will not lie; that a promise or agreement to perform an act, though accompanied at the time with an intention not to perform, and which is not performed, is not such a deceit or false representation as will support this action, because it does not assert a fact as existing in the present tense, and the only remedy at law is a suit upon the promise or agreement, citing Gage v. Lewis, 68 Ill. 604, 615; The People v. Healey, 128 Ill. 9; Kitson v. Farwell, 132 Ill. 327. The law undoubtedly is as thus stated; and the Circuit Court so instructed the jury at the instance of the defendant, but those given for the plaintiff were very likely to appear to the jury to conflict with them.

In our judgment the evidence failed to show a misrepresentation as to the boundaries of the tract in question. On the contrary, it seems to show that the representation made was true, and that the wrong to appellee in that respect, if any, was that the description in the deed did not conform to it. The fraud, if any, was in the reservation of the two lots, which was not the fraud alleged; but no objection was raised to the evidence on the ground of variance. Had there been, and an attempt made to obviate it by an amendment of the declaration, could it have succeeded? Must not any amendment, to accord with the facts, have more clearly shown a case within the rule declared in Gage v. Lewis, *supra*, a breach of an executory agreement to convey a tract bounded as therein stated?

We are strongly inclined, however, to regard that averment as unimportant in this case, and to think that the supposed cause of action thereby stated was not the ground of the verdict rendered. What the appellee suffered and that of which he really complained was the diminution of the quantity, and the averment which covered his case was

the fraudulent deceit practiced upon him as to the number of acres the tract contained. On account of its shape and the description it necessitated, he could not rely upon any judgment of his own as to the quantity, either from inspection of the tract or from the deed. He might therefore reasonably rely on appellant's representation in relation to it. Nolte v. Reichelm, 96 Ill. 428-9; Antle v. Sexton, 137 Ill. 410; Hicks v. Stevens, 121 Ill. 186. Appellant had been living on it six years. He knew how much the tract he originally bought contained. He had sold out of it all that had since been sold. The evidence fairly establishes the fact that not only by the authorized advertisement, but by direct statement to appellee he represented what remained and what he showed to appellee as containing seven acres. By the survey for appellee of what was conveyed to him, it was found to contain only four and forty-seven one hundredths acres. If he reserved the two lots and so notified appellee, as he claims, there should still remain over six and one half acres. This was a representation of fact, as then existing. There was also evidence tending to show that it was a material inducement to the purchase, and relied on by the purchaser. Did appellant know it was false? He swore that he thought he had sold only about three acres; he just supposed there were about seven left, and that he had no idea how much there was. But this was a question of fact for the jury. The circumstances tend to show that he did know, as he might and should have known, before he made such representations, whether the tract did or did not contain the quantity stated. Thorne v. Prentiss, 83 Ill. 99; Ruff v. Jarrett, 94 Ill. 479. Upon this question the jury were properly instructed, and we are not warranted to say their finding was clearly against the weight of the evidence. There is no complaint of the amount of the verdict. Judgment affirmed.