### Howard P. Ellefritz v. Charles Taylor.

1. VERDICTS—*On Conflicting Evidence.*—In the absence of prejudicial error in the rulings of the court on the evidence and instructions, courts of appeal are compelled to accept the verdict of the jury as decisive of the facts.

2. FALSE REPRESENTATIONS—*Whether Knowingly Made Immaterial.*—A false representation by the vendor, which influences the conduct of the other party and induces him to make a purchase, will vitiate and avoid the contract, and in making the representation it is immaterial whether the vendor knows it to be false or not, for the consequences are the same to the vendee. If the vendee relies upon the truth of the declaration he is equally imposed on and injured, and ought to have redress from the one who has been the cause of the injury.

**Assumpsit,** on a promissory note.    Trial in the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding.    Verdict and judgment for defendant; appeal by plaintiff.    Heard in this court at the May term, 1899.    Reversed and remanded.    Opinion filed September 20, 1899.

D. MACK & SON, and MILLER & WILLIAMS, attorneys for appellant.

BERRY BROS. & McCRORY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, brought by appellant against appellee, to recover the value of a horse delivered by appellant to appellee on the first of August, 1897, in trade for a certain promissory note for $56.70, dated March 21, 1893, due six months after date and signed by one Bert Corbin. The note had come to the possession of appellee by assignment, without recourse from the payee.

This case was tried in the Circuit Court before a jury and a verdict rendered in favor of appellee. The court, after overruling a motion for a new trial, rendered judgment on the verdict against appellant in bar of the action, and for costs of suit, and appellant brings this case to this court by appeal and urges a reversal of that judgment, because of alleged improper rulings of the court on the instructions given to the jury.

The declaration charged that the appellee falsely and fraudulently represented the note to be a good and collectible note; that appellant could get the money due thereon; that the payor in said note, Bert Corbin, was conducting a profitable business, and was able to and would pay the note. The appellee denies making such representations.

The evidence in this case showed that appellant did trade his horse in exchange for the note; that it was uncollectible; that the maker thereof, Bert Corbin, was insolvent and not financially responsible; and that appellant had not been able to collect the note or any part of it. But there was a conflict in the evidence as to whether or not the representations charged in the declaration were made by appellee. In the absence of prejudicial error in the rulings of the court, on the evidence and instructions, we would be compelled to accept the verdict of the jury as decisive of these facts.

The record shows that, by consent of both parties, the jury was instructed orally and the court gave them an instruction to the effect that before appellant could recover it was necessary for him to prove, by a preponderance of

the evidence, that appellee made the representations charged in the declaration; that he made them, knowing at the time they were false, and that appellant relied upon them and was induced thereby to make the trade.

We think the giving of such an instruction was error, as it informed the jury that they must believe from a prepon‑ derance of the evidence, not only that the false representa‑ tions were made and that appellant relied upon them, but that appellee knew them to be false when he made them. To entitle appellant to recover on one count of the declara‑ tion it was only necessary for him to prove that appellee made the representations; that they were false, and that appellant, relying upon them, was damaged thereby. It was not incumbent upon him under that count to prove knowledge on the part of the appellee that his representa‑ tions, if made at all, were false, and hence this instruction given by the court was prejudicial to appellant.

In the case of Borders v. Kattleman, 142 Ill., at page 103, the court says:

" Nor is it important that it should be affirmatively found that the untrue representations should have in fact been known to appellant to be false. It is well settled that it is immaterial whether a party misrepresenting a material fact knows it to be true or false, or makes the assertion of the fact without knowing it to be true, for the affirmation of what one does not know to be true is unjustifiable, and if another act upon the faith of it he who induced the action must suffer and not the other."

Again, in the case of Mitchell et al. v. McDougal, 62 Ill. at page 501, it was said:

" A false representation by the vendor, which influences the conduct of the other party and induces him to make the purchase, will vitiate and avoid the contract. And in making the representations it is immaterial whether he knows it to be false or not, for the consequences are the same to the vendee. If he relies · on the truth of the declaration he is equally imposed on and injured, and ought to have redress from the one who has been the cause of the injury."

This same rule was also followed in the cases of Thorne

v. Prentis, 83 Ill. 99, and Ruff et al. v. Jarrett, 94 Ill. 475, and numerous others that might be cited.

Applying the doctrine of these cases to the one at bar we think the instruction, as given by the court, was prejudicial to appellant's rights, and as there was a conflict in the evidence, he was entitled to have his case submitted to the jury under proper instructions.

For the error above indicated, the judgment of the Circuit Court is reversed and the cause remanded.