## Forster, Waterbury & Company v. J. A. Peer.

1. INSTRUCTIONS—*must not assume facts in dispute.* Instructions must not assume the existence of facts in controversy.

2. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions should be based upon the evidence before the jury.

3. INSTRUCTIONS—*should not, as a general rule, contain mere abstract propositions of law.* As a general rule, instructions should not contain mere abstract propositions of law not concretely applied to the cause.

4. WARRANTY—*what sufficient to constitute.* No particular form of expression is necessary to constitute a warranty; it is a question of intention from the words used, the circumstances and the subject-matter.

Action of assumpsit. Appeal from the County Court of McLean County; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

RAYBURN & BUCK, for appellants.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellants, who are manufacturers of malleable iron castings, against appellee, to recover the sum of $90.53 alleged to be due them for work done and material furnished in the manufacture of a pattern and a lot of malleable iron nuts, which were intended for use in connection with the bolts which fasten angle bars to rails used on railroads. A trial by jury resulted in a judgment for the defendant, from which the plaintiffs appeal. The nut in question was the invention of appellee and was designed to have a lip thereon, which could be

bent back without breaking, so as to prevent it unscrewing and coming off after being fastened upon the bolt with which it was to be used.

It is insisted by appellee, that at the time appellee or-, dered the nuts to be made, the agent of appellants, one Forster, verbally warranted that the nuts which were to be made of malleable iron would bend so as to meet the angle-bar without breaking.

When the nuts were made and shipped to appellee, he refused to accept or pay for the same, claiming that they failed to comply with the alleged warranty in that they could not be bent to meet the angle-bar without breaking, and were therefore worthless.

The chief error assigned and argued by appellants is that the court erred in its rulings upon the instructions. The evidence was close and conflicting and, if, therefore, the instructions were erroneous or misleading to the extent that appellants were prejudiced thereby, the judgment must be reversed.

The only evidence upon the question of warranty, as shown by the abstract, is substantially as follows: Defendant testified that he showed Forster a model or drawing of the nut and showed him what was to be done with it; that Forster said that he could make the nut; that witness then asked him if he could make it work to meet the angle-bar; that Forster replied that he could but that he would not guarantee that it would return; to which witness replied that he did not expect it to return, but only to meet the angle-bar; that nothing was said by witness or Forster as to what material was to be used nor was he shown any; that he knew however that plaintiff was a manufacturer of malleable castings.

Forster testified, in substance, that defendant came to his office and showed him the model of a nut, stated that it was a patented article which he controlled; that he had an idea of having them made of malleable iron, and wanted to know if plaintiff could make them; that witness replied that they could if they had the right kind of a pat-

Forster, Waterbury & Co. v. Peer.

tern; that defendant then inquired whether, if made of malleable iron, the lip of the nut would bend to lock it on the rail, whether malleable iron would stand that or not; that witness replied that in his judgment the article would bend to the rail but that if the bolt was tightened or the nut taken off it would break; that he thought they could make a malleable casting that would bend down but that the best way for appellee to do was to have a few made and test them for his satisfaction.

The first instruction given at the request of the defendant was as follows :

" The court instructs the jury that if you believe from the evidence that the material used in the casting furnished to the defendant was not the same as in the sample of malleable iron shown to the defendant when the castings were ordered, and that said castings did not bend to meet the angle-bar when first set in position, then you should find for defendant on that branch of the case."

The question as to whether appellants warranted that it would make the nuts so that the lips thereon would meet the angle-bar without breaking, is the principal and most important one involved in the case. By assuming, as it does, that there was such a warranty, the instruction took from the jury the determination of a question solely their province to determine. An instruction should not assume, as true, facts which, under the evidence, the jury are to find. Gundlach v. Schott, 192 Ill. 509. The instruction was erroneous for the further reason that it directs the jury to find for the defendant if they find from the evidence that the material used in the casting was not the same as in the sample shown to defendant. There is no evidence tending to show that the nuts were made of different material than that of which the sample was composed. Instructions should be based upon the evidence before the jury. Webster v. Yorty, 194 Ill. 408.

The second instruction, in substance, tells the jury that if the plaintiff at the time of taking the order for the castings, told the defendant that the lips of such castings when made would bend to meet the fish-plate, and that when

furnished they would not so bend, they should find for the defendant on that issue.

No particular form of expression is necessary to constitute a warranty; it is a question of intention from the words used and the circumstances, and the subject-matter. Thorne v. McVeagh, 75 Ill. 81. There must, however, be a positive affirmation, not made as a matter of belief or opinion, for the purpose of assuring the buyer of the truth of the fact affirmed and inducing him to make the purchase, and which is so received and relied upon by the purchaser. Robinson v. Harvey, 82 Ill. 58.

Whether the statement made by Forster was intended by him as a warranty and whether appellee relied upon and ordered the nuts to be made on the faith of such statement, were all questions for the jury. Pars. Cont., 580; Phillips v. Vermillion, 91 App. 133.

The instructions under consideration take these questions from the jury by telling them, in effect, as a matter of fact, that such statement amounted to an express warranty.

Defendant's fourth instruction is objectionable for the same reason, and for the further reason that it is but an abstract proposition of law. Such instructions frequently tend to confuse and mislead the jury and should seldom, if ever, be given. Furthermore it is erroneous for the reason that there is no evidence tending to show that the plaintiffs had ever manufactured, dealt in or produced nuts of the character of those in question. On the contrary, the defendant testifies that there was no similar nut manufactured.

Numerous objections are urged and argued as to other instructions, some of which are objectionable for the reasons already expressed herein. We are not inclined to extend this opinion by discussing them in detail. The objections to the rulings of the trial upon the admissibility of evidence are not argued and are therefore waived.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*