### Francis M. Smith v. John Hoffman.

#### Gen. No. 4,524.

1. TENDER—*when not essential to maintenance of action.* Where an action for deceit is brought, charging the defendant with having fraudulently induced the plaintiff to purchase a note and mortgage, it is not essential that the plaintiff tender to the defendant such note and mortgage.

Action on the case for deceit. Appeal from the Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

A. C. BARDWELL and MARK C. KELLER, for appellant.

H. A. BROOKS and E. L. SHANER, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellee is a tinner engaged in business in the city of Dixon, and appellant resides in the same city and is engaged in the real estate, loan and insurance business. Part of his business includes loaning money on real estate security. A short time prior to November 30, 1903, appellant solicited appellee to let him loan $500 for appellee, which he understood he had for that purpose. The parties were to some

Smith v. Hoffman.

extent acquainted with each other, both having for some time been members of the Y. M. C. A. in Dixon, of which appellant was secretary prior to engaging in the real estate, loan and insurance business. Appellee had never loaned money on real estate before, and it is apparent from the testimony was wholly unfamiliar with the business of loaning money, and titles to real estate. The party for whom appellant wished to secure the loan was a Mr. Cushman, and the property proposed to be mortgaged to secure it, was situated in Polo, Ogle county. Sometime after the loan was made and the mortgage executed, Cushman got into some difficulty and it was then learned he never had any title whatever to the property. The property was owned by John W. Cushman in his lifetime. He died several years before the transaction here took place. J. William Cushman, the mortgagor, was raised by John W. Cushman and his wife, they never having had any children of their own. He was believed by appellant to be the son of John W. Cushman and claimed title to the property by inheritance from his father. Not being a son and never having been adopted, he, of course, had no interest in the premises. On the death of John W. Cushman, the title vested in his widow and heirs, who were his brothers and sisters. The proof shows the property was the homestead of the widow and worth about $1,000. It, therefore, appears that the mortgage security was absolutely worthless. When knowledge of these facts came to appellee, he brought an action on the case against appellant, the declaration alleging that he procured appellee to make the loan by false representations. The trial resulted in a verdict and judgment against appellant for $550, the amount of the note and interest, from which judgment this appeal is prosecuted.

The only persons present at any of the times when appellant and appellee talked about appellant loaning the money for appellee prior to the time the loan was made, were the parties themselves. Appellee testified appellant came to him and asked to be allowed to make the loan for him, and represented that the title to the real estate was a good and

perfect title in the man he was loaning the money to, and
that it was free from incumbrances, and that the mortgage
he would get would be a first lien.    Appellant testified he
simply told appellee that Cushman, the mortgagor, said he
had a perfect title and that he telephoned to the county
seat of Ogle county and inquired whether there was any
incumbrances on it, and was told there was not.    On the
question of the weight and preponderance of the testimony
and whether the verdict was supported by the evidence, no
question is raised by appellant.    In his brief he says: "The
conflict is such that the court cannot be asked to interfere
on questions of fact."    It is clear from the testimony that
appellee knew nothing about the property upon which the
mortgage was given nor the title to it.    He relied wholly
on appellant in making the loan.    The substance of appel-
lee's testimony is that appellant represented to him as a
fact within his own knowledge that the title in Cushman
was good and that there was no incumbrance on the prop-
erty.    As to the incumbrance, he stated he received that
information by telephone from the county seat.    It is, we
think, reasonably clear from the testimony that appellant
did not know anything about the title to the property.
All he knew was what Cushman stated, and these state-
ments turned out to be false, although appellant may have
believed them at the time they were made.  . On that theory
appellant contends, there can be no recovery for the reason
that it must be shown not only that the representations as
to the title were untrue, but that he knew they were untrue
at the time they were made.    There is some apparent
conflict in the authorities upon this question.    Cases will
be found where our Supreme Court has said in actions for
deceit brought upon false representations, that the repre-
sentations must not only be proved to be untrue, but also
that the party making them knew they were untrue, and
that the party to whom they were made relied upon them.
Most of the cases in which this doctrine is announced, we
believe, will be found to be cases where the representations
were made by the vendor to the vendee and related to the

value of the property.   The case here does not involve the expression of an opinion, but the statement of a fact.   If it were conceded that appellant told appellee Cushman had stated to him that he had a perfect title to the property, clear of all incumbrances, and appellee knew his representations of title were based upon these statements of Cushman, then this action could not be maintained.   Appellee's evidence tends to prove, however, that this was not the character of representations made, but that appellant stated as a fact that the title was good in Cushman, was clear of incumbrances, and that his mortgage would be a first lien on the property.   There are numerous cases both at law and in equity in this State, where it has been held that where a party makes representations as to facts within his own knowledge which are material to the transaction, when he has knowledge of the truth of the facts, then if such representations are relied upon by the party to whom they are made and injury results, an action for deceit will lie.   Some of the cases supporting this doctrine are : Endsley v. Johns, 120 Ill. 469;  Allen v. Hart, 72 Ill. 104; Lockridge v. Foster, 4 Scam. 569;  Ruff v. Jarrett, 94 Ill. 475;  Johnson v. Beeney, 9 Ill. App. 64;  Peake v. Walton, 52 Ill. App. 90;  Snively v. Meixsell, 97 Ill. App. 365; Thorne v. Prentiss, 83 Ill. 99.   Appellant having solicited the business of making the loan for appellee upon security the latter knew nothing about, we think it was his duty to know the condition of the title and the value of the security, and especially so when he knew appellee was relying wholly upon him to attend to making the loan safe. It was as much a fraud under such circumstances to represent the title to be good and clear of incumbrances without knowing anything about it, as it would have been if he had known Cushman had no title.   In Ruff v. Jarrett, *supra*, the Supreme Court said : "If appellee made the positive assertion that he had measured the ice and that there was a specified quantity, and the statement was untrue, he must have known its falsity, or at least was bound to know.   And if appellants relied upon the truth of the

assertion when it was untrue, and purchased, and have suffered damage thereby, they are entitled to recover." It does not appear in that case but that the party making the representations as to the quantity of ice honestly believed there was the quantity he represented. The falsity of the representation was in stating he had measured it and knew the quantity. The effect of the decision is that if he had measured the ice, he knew the representations were false, and if he had not, even then he was bound to know it. The principle seems very similar to this case. Appellant knew he was being trusted and relied on by appellee to make a safe investment of his money. Appellant's business was of a character that he might be reasonably supposed to be familiar with titles and values, while appellee's business and lack of experience were such that it was evident that these were subjects with which he was unfamiliar. Under such circumstances it was an imposition upon appellee for appellant to state as a fact within his own knowledge, something about which he had no knowledge.

In Borders v. Kattleman, 142 Ill. 96, it was held to be immaterial whether a party misrepresenting material facts knows them to be false, that the affirmation of what one does not know to be true is unjustifiable, and if another act upon the faith of it, he who induced the action must suffer and not the other. To the same effect is Mitchell v. McDougall, 62 Ill. 498. True, these were bills in chancery to rescind sales, but the rule was not laid down as applicable only to cases in equity. Case v. Ayers, 65 Ill. 142, was an action on the case for deceit for false representations in the sale of a load of wool, and the Supreme Court followed Stone v. Denny, 4 Met. 151, holding that "fraud will be inferred when a party makes a representation which he knows to be false, or as to which he has no knowledge or information, and no grounds for expressing his belief."

It is further insisted that before appellee was entitled to maintain this suit, it was his duty to have given or tendered the note and mortgage to appellant. We are of opinion

the law does not make such requirement of him.   He is entitled to hold the note and mortgage while proceeding against appellant in an action for fraud and deceit.   He can have but one satisfaction of the debt, and if it shall be paid by appellant he could not then prosecute an action on the note and mortgage.   It may be appellant would, after the payment of the indebtedness, have a right to an assignment of the note and mortgage, but we are of opinion until the debt is satisfied by appellant, he is not entitled to the note and mortgage.

There is a distinction between this case and cases where a party elects to rescind a contract and sue the other party to it for fraud and deceit, or to recover back property he was induced to part with through the fraud.   This is not a suit to rescind a contract between appellant and appellee.

The instructions given on behalf of appellee were in harmony with the law as we understand it, and finding no error in the record, the judgment is affirmed.

*Affirmed.*