DEIPHOBUS H. VINCENT & another *vs.* ORLANDO LELAND.

In an action on a warranty of the quality of some cider, it appeared that, on an order of the plaintiff for a certain number of barrels of cider, the defendant sent to him the cider in question, and he received it, stored it in his cellar, and had opened some of the barrels to test the quality of the cider, when the defendant came, bringing either a bill of parcels, or a bill of sale, showing the number and gauge of the barrels, and asking for a settlement, whereupon they came to an agreement about the price, and the plaintiff gave his note for it; and that the warranty was made at this interview. *Held*, that it was competent for the jury to find, on this evidence, that the warranty was part of the contract of sale.

The right of a buyer of goods to sue upon the seller's special warranty of their quality accrues immediately on failure of the warranty, without returning the goods or giving any notice to the seller.

CONTRACT on the defendant's warranty of the quality of cider sold by him to the plaintiffs. Writ dated October 19, 1867 At the trial in the superior court, before *Reed*, J., it appeared in

evidence that, in the autumn of 1866, the plaintiffs, whose place of business was in Boston, gave to the defendant, who lived in West Acton, an order for two hundred and fifty barrels of cider; that the defendant sent the barrels of cider, in three lots, at different times during January and the early part of February 1867, to the plaintiffs at Boston, who received them, placed them in their cellar, and examined some of the barrels, to ascertain the quality of the cider, before February 23, 1867, on which day the defendant came to Boston, " bringing a paper containing the gauge and number of the barrels, or a bill of sale, or parcels, of said cider, (the evidence not leaving it clear which it was,) and requesting a settlement; " that " at this time the parties agreed upon the price to be paid for the cider, and a settlement was made by the plaintiffs' giving three promissory notes " therefor. It further appeared that " at this interview one of the plaintiffs remarked that the cider had not fully settled; upon which the defendant said he had no doubt it would fine down soon, and that it would be as good as the cider which he had sold them the previous year; that, if it did not, he would make it good; " or, according to the testimony of one witness, the defendant said " that he would warrant it as good as the cider of last year." It appeared also that, on March 23, 1867, the plaintiffs wrote to the defendant that the cider was improving, and they had begun to bottle it; that they did bottle about fifty barrels; and that they made no complaint about the cider, until June 9, 1867.

" The defendant asked the judge to rule that, in order to recover upon a warranty, the warranty must have been upon the sale and delivery of the cider; that the contract of sale was complete on the delivery of the cider by the defendant, and its acceptance by the plaintiffs; that whatever took place upon the settlement, and after the cider was accepted, could not be regarded as a warranty upon the sale; that the plaintiffs, having had ample opportunity to examine the cider, and having so examined it, and bottled it, and having made no complaint of its quality till after the expiration of six months, were estopped from setting up a warranty, or claiming damages for the same. The judge instructed the jury in a manner not excepted to, as to

what was necessary to constitute a sale; and further, that, in order to maintain the action, the plaintiffs must satisfy them that the defendant made a warranty of the cider before the sale was completed; that a mere sending of the cider by the defendant to the plaintiffs, and a keeping of the same by them before the price was agreed upon, would not necessarily constitute a sale completed, before an agreement as to the price; and that, if they should find a warranty before the sale was completed, and a breach of said warranty, the plaintiffs might recover, although no action was brought or complaint made until six months or more after the delivery of the cider."

A verdict was returned for the plaintiffs, with damages in the sum of $475.20; and the defendant alleged exceptions.

*W. Brigham,* for the defendant.

*A. A. Ranney,* for the plaintiffs.

CHAPMAN, C. J. 1. The instructions given to the jury in regard to the sale were correct, and were applicable to the evidence as reported. The warranty is alleged to have been made, at an interview between the parties, when the defendant came to Boston, bringing a paper containing the number and gauge of the barrels, or a bill of sale or parcels of the cider, (the evidence not being clear which it was,) and requesting a settlement. They agreed upon the price to be paid; a settlement was made, and payment was made. Although the cider had been previously received, yet it was competent to the jury to find upon this evidence that the warranty was part of the contract of sale.

2. If the plaintiffs found, on subsequent examination, that the cider was not such as it was warranted to be, it was not necessary for them to return it, or give notice to the defendant, but their right of action accrued immediately.

*Exceptions overruled.*