## Alexander Thorne *et al.*

*v.*

## Franklin McVeagh *et al.*

| 75 | 81 |
| 127 | 463 |
| 75 | 81 |
| 31a | 618 |
| 75 | 81 |
| 37a | 132 |
| 75 | 81 |
| 66a | 250 |
| 75 | 81 |
| 104a | ²259 |

1. WARRANTY — *no particular form of words necessary to.* It has been repeatedly held by this court that no particular form of words is necessary to constitute a warranty on the sale of personal property. It is a question of intention from the words used, the circumstances and the subject matter, for the jury to consider.

2. SAME — *measure of damages.* Where a lot of hams was sold in Chicago with a warranty that they were first class, the purchaser not seeing them, and the seller knowing that they were bought for a customer of the purchaser, in Salt Lake City, under a contract with the latter, and the seller shipped them to Salt Lake City for the purchaser, the latter paying the freight, and the hams proved to be not of the quality represented, but of a poor and inferior quality, so that the purchaser lost the benefit of his resale: *Held,* in an action by the purchaser for a breach of the warranty, that the true measure of damages was the difference between the price paid at Chicago and what they were worth when delivered, and also the freight on the same from Chicago to Salt Lake City, and the profits which might reasonably be expected on resale at the latter place.

3. INSTRUCTIONS — *must not ignore a particular ground of recovery presented by the pleadings.* In a suit to recover for a breach of warranty in the sale of goods, when a portion of the counts in the declaration are upon an express warranty and the others upon an implied warranty, instructions for the defendant which wholly ignore all reference to an implied warranty will be rightfully refused.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Franklin McVeagh, Wayne McVeagh, John B. Raymond and Henry C. Bannard, partners, against Alexander Thorne and John Thorne, partners, to recover damages on a breach of warranty in a lot of hams sold by the defendants to the plaintiffs. A trial was had resulting in a verdict and judgment in favor of the plaintiffs for $2,793. The hams sold weighed 20,020 pounds, and the price was 12½ cents per pound. The purchasers had made

a sale of 20,000 pounds of hams of the first quality at 13½ cents per pound.

Messrs. MONROE, BISBEE & GIBBS, for the appellants.

Messrs. HAWES & LAWRENCE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, to recover of defendants the price paid for a quantity of smoked hams, together with the freight on the same to Salt Lake City, and the profits of resale which plaintiff would have realized had the hams proved of the quality represented. A recovery was claimed on the allegation that the quality of the hams was warranted to be "first class," which they proved not to be.

There was a verdict and judgment for the plaintiffs; a new trial was refused, and defendants appeal.

The principal question for the jury was, as to the terms of the contract. Was there a warranty of the article sold? The parties were their own principal witnesses, and there was a conflict in their testimony. We shall not remark upon the testimony, further than to say the weight of it is most clearly with appellees on all the points raised. These hams were purchased as and for first-class hams, as good as any in the Chicago market, and were known by the seller to be purchased to fill a contract at Salt Lake City for fresh hams. The very fact they were intended for that market, to reach which the freight was a very considerable item, is a strong persuasive argument in support of appellee's proof, as a second-rate article would not bear that expense.

The proof is conclusive these hams were almost worthless, not properly cured, in bad condition when cured, and the sale thereof as first class a fraud. It was part of the contract the seller should ship them to Salt Lake City, the purchaser having at no time seen the article, relying solely on the representations of the seller that they were first class.

The only question outside of the evidence is as to the damages, and herein, of the instruction on that point. It is claimed by appellants the jury were misdirected on this point.

The following is the instruction as given, the last clause of it being the objectionable part in the view of appellants:

"If you believe, from the evidence, that the defendant, Alexander Thorne, represented to the plaintiff, Raymond, that the hams in question were first-class hams, equal in quality to any brand of hams made in this market, and that such representation was made by Thorne with the intention thereby of warranting the hams to be of such quality, and to induce the plaintiff to buy the same, and that Reynolds purchased said hams relying upon such representation as a warranty of the quality, and that at the time of purchasing the hams they were not of the quality represented, but were of a poor, inferior and bad quality, then your verdict will be for the plaintiffs. And upon the question of damages, the court instructs you that, if you believe from the evidence they, at the time of such sale to plaintiffs, had a contract for the resale of said hams to one Davis, of Salt Lake City, and that they had sold the same as hams of the quality aforesaid, and that, at the time of the sale to the plaintiffs, the defendants, Thornes, had knowledge of such contract of resale, and knew that the plaintiffs purchased said hams to fulfill said contract of resale, and that the hams were shipped to Davis before the plaintiffs had any notice of their quality, and that upon their arrival at Salt Lake City the said Davis refused to receive or pay for the same for the reason that they were not, at the time of their shipment to him, of the quality he had bargained for, then you will award to the plaintiffs as damages such sum of money as you may believe, from the evidence, the plaintiffs had sold said hams to said Davis for, less such sum as you may believe, from the evidence, said hams were actually worth at the time of their purchase by the plaintiffs; and you will further allow the plaintiffs such sum of money, if any, as you may believe from the evidence, they were obliged to pay out on account of the transportation of

said hams to said Salt Lake City at the time of their sale to plaintiffs."

Appellants except to this instruction, as giving an incorrect rule upon the question of damages.

These hams were purchased for a Salt Lake customer of appellees, and so known to the sellers. By the rule, as found in this instruction, the sellers are made liable for the difference between the price paid for the article at Chicago and what they were worth when delivered, and also for the freight on the same from Chicago to Salt Lake City, and the profits which might reasonably be expected on resale at the latter place, which in this case was estimated at one cent per pound. We perceive no objection to this rule. It is in accordance with the authorities on that subject. Appellants knowing the fact the hams were purchased to be sold at Salt Lake City, the sellers must have calculated the purchaser from them would realize at least that profit on the resale. This loss of one cent per pound was the immediate result of the false warranty, and naturally incident thereto.

Without citing other cases on this point, those cited in appellee's brief are conclusive: *Crabtree* v. *Kile*, 21 Ill. 180; *Griffin* v. *Colver*, 16 N. Y. 489; *Messmore* v. *N. Y. Shot and Lead Co.*, 40 ib. 422.

So are the English cases: *Randall et al.* v. *Raper*, 96 Eng. Com. L. 82; *Barries et al.* v. *Hutchins*, 18 Com. Bench, N. Series, 445; *Dunlop* v. *Higgins*, 1 Ho. of Lords Cases, 402.

It is also objected that the court refused appellants' first and fifth instructions.

When it is considered there were ten counts in the declaration, four of which only were upon an express warranty, the remaining six on an implied warranty, the propriety of the refusal is obvious, as they ignore all reference to an implied warranty.

On that point we have further to say, this court has repeatedly held that no particular form of words is necessary to make a warranty. It is a question of intention from the words used;

the circumstances and the subject matter, for the jury to consider. *Wheeler* v. *Reed*, 36 Ill. 81.

Counsel for appellants were mistaken in saying the jury allowed as damages the freight on the reshipment of the goods to Chicago, and the expenses of one of the appellees in going to Salt Lake City to see about the property. From a calculation easily made, it will be found these were not elements of the verdict, and form no part of it.

On the whole case we think justice has been done. The question of warranty was fairly submitted to the jury, and we have no fault to find with their verdict, nor with the instruction on which the verdict was based. The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT, dissenting.