Opinion by
Walker, P. J.
§ 816. Drayage and storage not recoverable as damages, when; case stated. Wilson sued Kniffin Bros, and Cullers & Henry, in justice’s court, to recover damages for breach of warranty in the sale of hay, the damages claimed being the price he had paid for the hay, $81.20, and freight thereon to the place of its delivery, $51. The defense was: 1. Denial of warranty. 2. That Wilson bought the hay upon his own judgment after inspecting it. Wilson dismissed his suit as to Kniffin Bros, and recovered judgment against Cullers & Henry for the full amount sued for. Cullers & Henry appealed to the county, court. In the latter court Wilson amended his claim for damages by adding thereto an item for “ dray-age and storage of the hay, $55j” and in said court recovered judgment for $188.70, interest, and costs. Held: There exists a fundamental error which must reverse the judgment, in this: Wilson was not entitled to recover as damages the item for drayage and storage. The contract by Cullers & Henry was to deliver the hay on the cars at Denison consigned to Shreveport, which they did do. They were not liable for drayage from the point of delivery at Shreveport to some other point, nor for the expense of storing the same.
§ 817. Measure of damage on breach of warranty of chattels. “ If the contract be-simply one for merchandise at a certain price, and to be delivered at a certain *722 time and place, the rule of the difference between the contract and market price, and interest, affords full compensation; for the vendee may go into the- market and purchase like goods at the market price, and thus save himself from loss.” [2 Sutherland on Dam. 397.] There are no facts in this case that constitute it an exception to the general rule above stated. Cases can well be supposed, however, where, under a contract to deliver goods, the vendor may be liable for consequential damages beyond the limits of such general rule.
§818. Amendment of claim for damages in county court on appeal; not a new cause of action. The court did not err in refusing to strike out the amendment claiming $55 for drayage and storage, because the same had not been presented in the justice’s court. It was not an irrelevant pleading subject to be stricken out. It was not the introduction of a new and substantial cause of action — but merely a-claim for an additional item, of damages arising from the breach of warranty. The evidence, however, under the law of the case, did not warrant the recovery of this item of damages.
§ 819. Warranty of chattel; what constitutes; sufficient proof of. It is assigned as error that the evidence does not show that there was a warranty of the quality of the-hay, but that the purchaser bought upon his own judgment. It may be inferred from the evidence that the hay could not be inspected under the circumstances tinder which Wilson made his examination so as to determine with accuracy its quality or condition, and also that what examination he did make did not satisfy him that the hay was sound and merchantable. Under these circumstances, on stating to the party selling him the hay his objections to it, he was told by said party that it was sound and free from must and mould. Wilson testified that he relied, in agreeing to buy the hay, upon said representations. These facts, it is conceived, tend to establish the alleged warranty, and the evidence is sufficient to support the verdict in that particular. “No precise *723 formof expression is necessary to create a warranty. If the vendor at the time of sale affirms a fact as to the essential qualities of his goods, in clear and definite language, and the purchaser buys on the faith of such affirmation, that is an express warranty. ” [5 Wait’s Act. & Def. 555; Beals v. Olmstead, 24 Vt. 115; Bryant v. Crosby, 40 Mo. 9; Thorne v. McVeagh, 75 Ill. 81; Polhanus v. Herman, 45 Cal. 513; Callanan v. Brown, 31 Iowa, 333.] “Anaffirmation at the time of a sale isa warranty, provided it appear in evidence to have been so. intended.” [5 Wait’s Act. & Def. 556; Pasley v. Freeman, 3 Term R. 57.] “It is a question of intention from the-words used, the circumstances and the subject-matter, for the jury to consider.” [5 Wait’s Act. & Def. 556; Morrill v. Wallace, 9 N. H. 111; Vincent v. Leland, 100 Mass. 432; Murray v. Smith, 4 Daly (N. Y.), 277.]
May 13, 1885.
Reversed and remanded.