H. C. STRYKER v. J. A. CRANE & CO.

[FILED JANUARY 5, 1892.]

**Review.** The instructions of the court examined and approved, and the testimony to the jury found sufficient to support the verdict.

ERROR to the district court for Butler county.   Tried below before POST, J.

*S. H. Steele & Bro.*, for plaintiff in error, cited, as to the tenth instruction: *McPherson v. Wiswell*, 19 Neb., 117; *Caldwell v. Bridal*, 48 Ia., 15.   As to the thirteenth instruction : *Little v. Woodworth*, 8 Neb., 284 ; *Smith v. Justice*, 13 Wis., 671 ; *Hahn v. Doolittle*, 18 Id., 208 ; *Fisk v. Tank*, 12 Id., 276, and notes; *Henshaw v. Robins*, 9 Met. [Mass.], 83 ; *Randall v. Thornton*, 43 Me., 226 ; *Lamme v. Gregg*, 1 Met. [Ky.], 446; *Warren v. Van Pelt*, 4 E.

Stryker v. Crane.

D. Smith [N. Y.], 205; *Blakeman v. Mackay*, 1 Hilton [N. Y.], 266; 1 Parsons, Conts. [5th Ed.], 579; *Jack v. R. Co.*, 53 Id., 401; *Callanan v. Brown*, 31 Id., 333; *Austin v. Nickerson*, 21 Wis., 542; *Wood v. Smith*, 4 Car. & P. [Eng.], 45. As to the fifteenth instruction: *Smith v. Green*, 1 C. P. D. [Eng.], 92; *Randall v. Newson*, 2 Q. B. Div. [Eng.], 102; *Marsh v. Webber*, 16 Minn., 418, 421; *Bradley v. Rea*, 14 Allen [Mass.], 20; *Jeffrey v. Bigelow*, 13 Wend. [N. Y.], 518, 523; *Wintz v. Morrison*, 17 Tex., 373; 2 Sutherland, Damages, 435; *Pinney v. Andrus*, 41 Vt., 631; *Faris v. Lewis*, 2 B. Mon. [Ky.], 375; *Rose v. Wallace*, 11 Ind., 112; *Sherwood v. Langdon*, 21 Ia., 518; *Hill v. Balls*, 2 H. & N. [Eng.], 299; 2 Benj., Sales, sec. 1362.

*Geo. I. Wright, contra*, cited, as to the eleventh instruction: Benj., Sales, secs. 610, 611; *Vincent v. Leland*, 100 Mass., 432; *Wilmot v. Hurd*, 11 Wend. [N. Y.], 584; Sackett, Instructions to Juries [2d Ed.], 573, 574. As to the thirteenth: Sackett, Instructions to Juries [2d Ed.], 570; Benj., Sales, sec. 613; *Van Buskirk v. Murden*, 22 Ill., 446; *Thorne v. McVeigh*, 75 Ill., 81; 1 Parsons, Cont., 462, 463. As to the fifteenth: 2 Am. & Eng. Ency. Law, Div. 5 of Damages, 13; Sackett's Instructions to Juries [2d Ed.], sec. 1, p. 231; sec. 7, p. 233–4; *Rolf v. Pilloud*, 16 Neb., 21; *Bond v. Dolby*, 17 Id., 491.

Cobb, Ch. J.

On December 1, 1887, the plaintiffs in the court below alleged that the defendant was indebted to them in $187.50, on account of forty-four hogs sold to him on September 10, 1887, no part of which was paid, and all of which was then due with interest.

The defendant answered, admitting the purchase of the hogs and that he had not paid for them, and setting up that at the time of the sale the hogs were infected with a

contagious or infectious disease, and had recently been exposed to such disease, which was known to the plaintiffs; that they sold the hogs to the defendant without informing him of the fact, and which defendant had no knowledge of; that the sale was therefore void, and was prohibited by law, and defendant is not liable for the purchase money.

Second—That as an inducement to defendant to buy the hogs the plaintiffs falsely represented that they were all right and were free from disease; that they were brought from the state of Kansas, from a district in which there were no diseased hogs, thereby warranting them to be all right and free of disease, which statements were known to be false by the plaintiffs at the time of the sale; for, in fact, the hogs were at the same time infected with a contagious or infectious disease to which they had been recently exposed, and had not all come from the state of Kansas, which was known to the plaintiffs; that the defendant had no knowledge of the condition of the hogs, but relied upon the plaintiffs' representations and was induced thereby to purchase the hogs, of which thirty-four shortly died of disease and the remainder were worthless from exposure to it.

Third—That said disease was communicated to defendant's sound hogs by reason of contact with the hogs purchased of plaintiffs, by which fifty-nine of such died, to the defendant's damage $200, for which sum he asks judgment.

The plaintiffs replied in a general denial.

There was a trial to a jury, and verdict for the plaintiffs, on February 1, 1888, for the amount claimed, $187.50, with interest from September 10, 1887.

The defendant's motion for a new trial was overruled, and judgment entered on the verdict.

Seventeen errors are assigned by the plaintiff in error, of which those only will be considered found to be argued in the brief of counsel.

The first is that of paragraph ten of the court's instruc-

tions to the jury of its own motion: "No. 10. If the defendant has produced a preponderance of the testimony to the effect that said hogs were infected or recently exposed to an infectious disease at the time he purchased them, and that said fact was known to plaintiffs, you will find for defendant on his first defense. If he has not such preponderance on these issues, you will find for plaintiffs on that defense."

Sec. 76 of the Criminal Code cited by counsel, and given to the jury in the eighth instruction of the court, provides that "It shall be unlawful for any person to sell, barter, or dispose of    *    *    *    any horses, cattle, sheep, or domestic animals, knowing that such horse, cattle, sheep, or domestic animals are infected with *contagious or infectious* disease or have been recently exposed thereto, unless he shall first duly inform the person to whom he may sell, barter, or dispose of such horse, cattle, sheep, or other domestic animal of the same, and any person so offending shall be fined in any sum not less than $20 nor more than $100, or be confined in the jail of the county, not exceeding three months."

Doubtless, upon the general principles of law, no person could, by a sale thus prohibited as a misdemeanor, maintain a cause of action. But a sale, to come within the statute, must have been made with knowledge, or such notice as would impute knowledge of the fact and condition of the animals on the part of the vendor. Under this provision the defense in the court below seems to have been well pleaded, and the law was sufficiently given in charge to the jury. It was not the intention of the legislature, as I construe the statute, to apply it to two distinct diseases affecting the same animals, one contagious and the other infectious; but to a disease affecting horses, cattle, sheep, or other domestic animals, which was either infectious or contagious.

There is a distemper known to be prevalent among the

swine of this state called hog cholera or swine plague, and I believe it is considered to be both contagious and infectious in so far as veterinary authority makes a distinction as to cause and effect. If the definition of a standard English author be accepted, that "*contagious* disease is communicated by contact or touch, and that *infection* is the subtle or virulent matter proceeding from diseased bodies and imparting the same to others," there is still the diseased body present as the cause of both, and the metaphysical distinction of the author would not be apparent to the swine herd or the pork dealer.

Undoubtedly the contagion of the distemper was the evil intended to be counteracted by the passage of the act in its application to the sale and disposal of hogs. The use of the words "contagious or infectious" in the statute is believed to have been intended to describe one disease, and not distinctive diseases. If this construction is not correct it was not good pleading, by the plaintiff in error, to have used the words in the disjunctive and alternative sense.

The purpose of instruction number ten being then to inform the jury that if the hogs were infected, or had been recently exposed to an infectious disease, that of hog cholera or swine plague, they should find for the defendant, it was not deemed necessary to use both descriptive terms. One was sufficient to instruct the jury. Nor was it error, in this view of the case, to have refused instruction number one asked by the plaintiff in error, to the same effect as that given by the court, but employing both terms descriptive of the disease.

The second error argued, that, by the instructions numbers eleven and thirteen, the court charged that the warranty by the vendor is a "contract," and "that in order to find that the seller warranted the thing sold, the agreement to warrant must enter into and form part of the contract of sale," and further, "that the defendant must have had

reasonable grounds to suppose that the plaintiffs intended
to warrant the hogs free of disease," were instructions not
comprehended by the jury, and were calculated to mislead
them, notwithstanding the proof of warranty in order to
effect the sale, and the reliance of the plaintiff in error
upon it.

We do not find the objection to these instructions urged
by counsel.    The misapprehension of the jury is not to be
inferred from any abstruse or recondite sense of the
language used.    It does not appear that the rule of law
appliable to the facts was not correctly stated.    It is clearly
upheld by precedent and authority. ( *Vincent v. Leland,*
100 Mass., 432 ; *Wilmot v. Hurd,* 11 Wend. [N. Y.], 584 ;
Sackett's Inst. to Juries, 573, 574.)

The instruction does not base the warranty upon what
the vendor intended, but upon what the buyer "had rea-
sonable grounds to suppose" the seller intended to do by
his representations in evidence to the jury.

Instruction number twelve, given by the court on its own
motion, is also objected to, and is as follows: "In order to
find for defendant on this issue, you must first find that
plaintiffs warranted the hogs sold to be all right and free
from disease.    Second, that defendant relied upon said
warranty in making said purchase.    Third, that the hogs
were not all right, but on the contrary were infected with
an infectious and contagious disease.    And fourth, that he
has been damaged thereby.    If you find for the defendant
on all the foregoing propositions, then defendant should
recover on his second defense.    If you find for plaintiffs on
said questions or any of them, you would have to find for
the plaintiffs on said issue."

The use of the words "on this issue," in the instruction
complained of by plaintiff in error, is not considered to be
injudicious or erroneous in designating the questions to the
jury.

The court gave further instructions as follows: "14. If

the vendor or seller merely states an opinion, or gives his judgment on a matter about which he has no special knowledge, and upon which the buyer also might reasonably be expected to have an opinion, and to exercise his own judgment, such transaction would not amount to a warranty."

While this instruction is abstract in sense, there was testimony to the jury, that of one of the plaintiffs below, which rendered it applicable and pertinent.

"15. In order to entitle the defendant to recover damages on his counter-claim, it must be established by a preponderance of testimony that the hogs in question were diseased with an infectious or contagious disease, or had recently been exposed to such a disease within the knowledge of plaintiffs, or some of them; that plaintiffs concealed said fact from defendant at the time of the sale. It must further be proved that defendant's sound hogs became diseased in consequence of coming in contact with the hogs purchased from plaintiffs, and that some of them died or were damaged as the result of such disease, without any fault or negligence on the part of defendant."

We think this instruction covers all that the plaintiff in error was entitled to have given under his counter-claim. To maintain the claim the major proposition of disease and warranty at sale must appear from that satisfactory evidence which the jury failed to find, and which the record fails to show.

The several instructions requested on the trial and refused by the court, in so far as the law applicable to the evidence was correctly stated, were sufficiently comprehended in the instructions given by the court, and were therefore properly refused. The judgment of the district court is

AFFIRMED.

THE other judges concur.