Reese *v.* Miles.

REESE *v.* MILES.

(*Knoxville.* September 22, 1897.)

1. MEASURE OF DAMAGES. *For breach of warranty as to quality of article sold.*

The measure of damages for the vendor's breach of warranty of quality, is, ordinarily, the difference in value of the article sold and that delivered at the place of delivery, if there is a market there, and, if not, then in the nearest market, with freight added. (*Post, p. 400.*)

Cases cited and approved: Coffman *v.* Williams, 4 Heis., 239; McDonald *v.* Timber Co., 88 Tenn., 47.

2. SAME. *Same.*

But for breach of warranty as to quality of a commodity bought, with the vendor's knowledge, to be resold on another market, the damages may include both the losses actually sustained and also the profits the purchaser would have made upon the resale on such market, had the article been what it was warranted to be. (*Post, p. 401.*)

Cases cited: McDonald *v.* Timber Co., 88 Tenn., 43; 78 N. C., 125; 31 N. C., 430; 9 Ex., 353.

3. SAME. *Evidence of.*

The recovery against a buyer for breach of his warranty as to quality on a resale, affords *prima facie* evidence of the amount of damages which he is entitled to recover from his seller for the breach of a similar warranty. (*Post, pp. 399–402.*)

---

FROM WASHINGTON.

---

Appeal in error from Circuit Court of Washington County. H. T. CAMPBELL, J.

ROBT. BURROW for Reese.

HARMON & SWINGLE for Miles.

WILKES, J.    Reese sold Miles thirty-seven cases of fresh eggs, to be delivered at Johnson City, and received for them fifteen cents per dozen.   Miles sold them to Bitner, at Johnson City, in the same cases, at fifteen and one-half cents per dozen.   Bitner shipped them to Boston, and sold them at sixteen cents per dozen.   In each instance there was a warranty that the eggs were fresh.   They were not fresh, but a part of them were "limed," a portion "stale," and a portion "fresh," and they were mixed together in packing them in the cases.   In consequence of the eggs not being fresh, they sold in the Boston market for seven cents per dozen less than they would have sold for if fresh.   Bitner claimed damages of Miles for a breach of warranty, and secured $—— therefor, being the difference in price between "fresh" and "mixed" eggs in the Boston market, and Miles thereupon sued Reese for a like sum. The cause was heard before the Court and jury, and there was a verdict and judgment for Miles for $82.59 and costs, being virtually the same amount as he paid to Bitner.   Reese has appealed to this Court, and assigned errors.   These are, in substance, that there is no evidence to support the verdict, and that the Court erred in instructing the jury as to the measure of damages.

It is said Miles sold the eggs bought of Reese,

to Bitner, for one-half cent profit on the dozen, and hence lost nothing in his trade with Reese, and that Reese has nothing to do with the trade between Miles and Bitner, nor with its consequences.

The complaint of the charge is that the trial Judge, in substance, said to the jury that if the buyer bought the eggs for another market, then the price in that market between fresh and mixed eggs would be the measure of damages, and refused, upon request, to charge that the proper measure of damages was the difference in market value between limed and fresh eggs in Johnson City, the place of delivery, or, if there was no market there, then at the nearest point where there was a market, with cost of freight added.

There was proof tending to show that the market value of such eggs was the same in Boston and Washington; that Reese knew when he sold the eggs to Miles, that Miles intended to sell them at Washington, and that Miles knew when he sold to Bitner, that he intended to sell them at Boston, hence the pertinency of the charge given and asked. Unquestionably, the general rule is that the measure of damages is the difference in value of the article bought and that delivered at the place of delivery if there is a market there, and, if not, then in the nearest market, with freight added. *Coffman* v. *Williams,* 4 Heis., 239; *McDonald* v. *Timber Co.,* 4 Pickle, 47; 5 Am. & Eng. Enc. L., 31.

Benjamin on Sales (6th Ed.) lays down the gen-

eral rule as we have stated it. He also says (p. 907): "A vendor who takes a warranty with notice that he buys to sell again in another market, may include in his damages both the losses actually sustained by the breach and also the profits he would have made upon the resale had the article been what it was warranted to be. Citing *Lewis* v. *Rountree*, 78 N. C., 125; *Oldham* v. *Kerchener*, 31 N. C., 430.

These cases are also reported in 28 American Reports, at pages 302–309, and seem to be directly in point as to the correctness of the charge of the learned trial Judge, and it was certainly correct law in the controversy between Bitner and Miles. See, also, case of *Hadley* v. *Baxendale*, 9 Ex., 353, quoted with approval in *McDonald* v. *The Timber Co.*, 4 Pickle, 43, also, Sutherland on Damages, Sec. 52. This does not appear to us, however, to be the controlling feature in the contest between Reese and Miles, inasmuch as Miles abandoned his purpose to ship to Washington, and actually sold to Bitner, at one-half cent profit, at Johnson City. When he sold to Bitner, however, he made himself liable for the damages that Bitner might sustain in the Boston market and recover from him because the eggs were not fresh, as represented.

Having been compelled to make Bitner whole because of the breach of warranty, he has a clear legal right against his vendor for the like damages caused by a similar breach of warranty. Reese

sold to Miles with warranty. Miles sold to Bitner with like warranty. Bitner recovered upon his warranty against Miles, his vendor, and Miles, in this suit, seeks to recover from Reese, his vendor for a like cause. While his right to such recovery would not ordinarily depend on Bitner's recovery, yet that recovery furnishes a good ground for such recovery, and *prima facie* fixes the damages.

The true rule applicable in this case is laid down in 2 Schouler on Personal Property, Sec. 586, as follows: "Supposing the buyer to have made a subsale of the . defective goods whose quality was warranted, if he has done so with a like warranty, the sum paid on the judgment recovered against him by the sub-buyer for the same breach, is *prima facie* evidence of the amount to be recovered as special damages on his own suit."

We think justice has been reached in the case and there is sufficient evidence to support the verdict, and the judgment of the Court below is affirmed with costs.