[Civ. No. 406. First Appellate District.—June 22, 1908.]

## C. E. KRASILNIKOFF, Respondent, v. P. F. DUNDON, Appellant.

SALE OF BOILERS FOR USE IN SIBERIA—BREACH OF WARRANTY—MEASURE OF DAMAGES AT PLACE OF USE.—Upon a sale of boilers manufactured in San Francisco, to be set up in Siberia for use therein under a warranty of efficiency, the measure of damages for breach of such warranty is to be determined at the place of their use, to which a large sum was paid for transportation; and upon proof that they were found to be of no value and worthless for use, the recovery of the full price paid therefor to the manufacturer is amply supported, regardless of a showing that they might have been made efficient under the warranty at San Francisco, at an expenditure of $500.

ID.—RULE AND EXCEPTION AS TO DAMAGES FOR BREACH OF WARRANTY. The general rule that the damages for a breach of warranty of quality of personal property sold are to be estimated with reference to value at the time and place of delivery is subject to the recognized exception that where such property is sold on warranty

to be used at some place other than the place of sale and delivery, and this is known to the seller, the damages are to be estimated with reference to value at the place where the property is to be used.

ID.—PRESUMPTION AS TO WARRANTY AT PLACE OF USE.—In the case where the property is sold to be used at some other place, the conditions existing at the place where the property is to be used are presumed to be within the contemplation of the parties in making the contract of warranty.

ID.—TEST BY MANUFACTURER—STRENGTH OF BOILERS—EFFICIENCY NOT TESTED—PREPARATION FOR SHIPMENT.—Where the manifest purpose of a test by the manufacturer appears to have been to ascertain merely the tightness of the joints and strength of the boilers as to bursting point, and there was no general test of efficiency prior to the taking down of the boilers for shipment to the place of use, the warranty for efficiency has sole reference to such place.

ID.—DILIGENCE OF PURCHASER AS TO DISCOVERY OF INEFFICIENCY.— Where there was long delay in delivering the boilers to the place of use, and there was no opportunity for the purchaser to test the efficiency of the boilers, or to discover their inefficiency, until they were set up for use in Siberia, the rule applies that the time to which the warranty refers is when the breach thereof is, or with due diligence might be, discovered, and it cannot be said, as matter of law, that the breach of warranty might have been discovered by the purchaser before the boilers were set up and were attempted to be used in Siberia.

ID.—UNLIQUIDATED DAMAGES—INTEREST NOT RECOVERABLE UNTIL JUDGMENT.—The damages being unliquidated until judgment, no interest was recoverable thereupon until the rendition of judgment.

ID.—INTEREST NOT RECOVERABLE FOR FRAUD—FACTS CONSTITUTING FRAUD NOT PLEADED—MATTERS OF OPINION.—Interest cannot be allowed on the ground of fraud where no facts constituting fraud are pleaded; but the averments relied upon are of mere matters of opinion as to the character of the defendant's improvement on boilers, and its superiority to other improvements, without any allegation that such statements were made with intent to deceive the plaintiff, or to induce him to enter into the contract.

APPEAL from a judgment of the Superior Court of the City of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, Cushing, Grant & Cushing, and Garret W. McEnerney, for Appellant.

J. N. Young, for Respondent.

HALL, J.—Appeal by defendant from judgment against him and from order denying his motion for a new trial.

Appellant takes the position that the action is one for damages for breach of warranty as to the efficiency of two certain boilers manufactured by defendant for plaintiff. He concedes that the evidence sustains the finding of the court that there was a breach of such warranty, but insists that the evidence does not sustain the finding as to the amount of the damages. The boilers were constructed at San Francisco, under a contract which required them to be delivered at the wharf in San Francisco, but it was well understood by defendant that they were to be sent to, and used at, a place on the Amoor river in Siberia, thirteen thousand miles from San Francisco.

The court found that the plaintiff had been damaged in the sum of $7,200, the price he paid for the boilers, and gave him judgment for such sum, together with interest thereon at the legal rate from the tenth day of October, 1900.

Treating this case as an action for damages for breach of warranty as to quality of personal property, as insisted by appellant, the measure of damages is fixed by section 3313 of the Civil Code as "the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time." It is thus seen that the statute does not in terms fix either the time or place at which the valuation is to be made. It is insisted by appellant that the damages under the contract and circumstances of this case should be fixed with reference to values at San Francisco, and not with reference to values at the place in Siberia to which the boilers were sent and where they were to be used. There can be no doubt, we think, that if the values in Siberia control, the evidence amply justifies the finding of the court. Plaintiff paid to the defendant as the cost of the boilers $7,200 at San Francisco, and in addition $3,200 freight money to get them to the place in Siberia where they were to be used. After being set up and an attempt made to use them, it was there found that they did not comply with the warranty as to their potentiality. This probably was because the design or plan upon which they were built was wrong. Testimony was given that they were of no value and were

worthless. Viewing this testimony as relating to their value in Siberia, it amply supported the finding as to damages in the sum of $7,200.

Testimony, however, was given to the effect that changes could be made in the boilers at San Francisco at a cost of $500, which would have corrected the defects in the boilers so that they would have complied with the warranty.

The general rule undoubtedly is that damages in case of a breach of warranty of quality of personal property sold are to be estimated with reference to values at the time and place of delivery. But to this rule there are exceptions Where personal property is sold on a warranty to be used at some place other than the place of sale and delivery, and this is known to the seller, damages may be estimated with reference to values at the place where the property is to be used. In such case the conditions existing at the place where the property is to be used are presumed to be within the contemplation of the parties in making the contract of warranty.

The rule is thus stated in Sutherland on Damages (section 671) : "Where a contract is made by one to furnish to another a specific article of a designated description, to be used for a particular purpose, or for use at another place, and the destination, purpose and use are known to him who agrees to furnish it, and the article furnished is defective for the purpose, and not according to the contract, the damages occasioned by reason of such defects, with reference to the purpose and place, are direct and recoverable. The measure is the difference between the value of the article received and of that contracted for, at the place, and for the purpose contemplated."

In the case of *Bridge* v. *Wain,* 1 Stark. 504, an action for damages for breach of warranty on goods sold in England for resale in China, it was held that damages should be assessed with reference to values in China.

In *Converse* v. *Burrows,* 2 Minn. 229, the action was for damages for breach of warranty of the quality of pork sold and delivered at Davenport, Iowa, but for use at Fort Ridgley, Minnesota. It was held that the damages were to be assessed with reference to values at the place where the pork was to be used. The court cited *Bridge* v. *Wain,* 1 Stark.

504, and said, ''The general rule of damages on a breach of warranty on a sale of personal property . . . is the difference between the article sold in its defective condition, and the market value of the article at the place where it was to be used in the condition represented by the vendor.''

The same principle was applied in the case of *Thorn v. McVeagh*, 75 Ill. 81, where hams were sold in Chicago to supply a customer of the purchaser at Salt Lake City.

The same rule is supported by *Reese v. Miles*, 99 Tenn. 398, [41 S. W. 1065]; *Lewis v. Rountree*, 79 N. C. 122, [28 Am. Rep. 309], and *Messmore v. New York Shot & Lead Co.*, 40 N. Y. 422.

In the case at bar the defendant agreed to make two boilers for plaintiff according to a design, originated and patented by defendant. With full knowledge that the boilers were to be sent to a distant point in Siberia, where they were to be set up and used to operate engines on boats on the Amoor river, he warranted that they would generate steam of two hundred pounds pressure with a certain designated consumption of fuel. The evidence shows that they utterly failed to do it, and in Siberia at least were of no value. Under these circumstances there can be no doubt that plaintiff in fact suffered much more damage than the cost price of the boilers in San Francisco, for in addition he paid $3,200 freight money to get the boilers to the place where they were to be used.

Unless plaintiff was charged with the duty of ascertaining in San Francisco whether or not the warranty had been fulfilled, it would seem that the plainest principles of justice require that he should receive compensation for his damages, with reference to values in Siberia.

In this connection it has been urged very earnestly by appellant that plaintiff, under the contract and the circumstances of this case, should have ascertained at San Francisco whether or not a breach of warranty had occurred, at least to the extent that if he did not he could only recover damages with reference to conditions and values at San Francisco.

At the time the contract was made plaintiff was at San Francisco. Defendant by the contract agreed that ''Every endeavor shall be made to ship the boilers in May, 1898,''

but in fact did not have them ready for shipment until about a year later than the expected time. In the meantime plaintiff had returned to Siberia. The contract contained a provision as follows: "Boilers to be set up complete in shop and tested to 300 lbs. cold water pressure, and all made tight, and then steam to be got up, and after all is made tight and satisfactory, take down and mark all the parts," etc.

The primary purpose of this test seems to be to ascertain the tightness of the joints and strength of boilers as to bursting point. At any rate, it is not at all certain that by such test the defect of the boilers as to their potentiality could have been ascertained. Indeed, the defendant himself testified that the test required by the contract was made in his presence, and he discovered no defect in the boilers as to their potentiality. Yet when the test of actual use in the operation of an engine was applied in Siberia the boilers did not meet the requirements of the warranty. After the boilers had been taken down and prepared for shipment as required by the terms of the contract, the only reasonable opportunity of ascertaining whether or not the boilers came up to the warranty would be in Siberia. This brings this case within the doctrine of *Shearer* v. *Park Nursery Co.,* 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412], where it is said "that the time to which the warranty refers is the time when the breach thereof is, or with due diligence might be, discovered by the purchaser."

Under the facts of this case we cannot say, as a matter of law, that plaintiff was wanting in diligence in not discovering the breach of warranty until after the boilers were attempted to be used in Siberia.

The finding of the court that plaintiff was damaged to the amount of $7,200 is, therefore, sustained by the evidence.

The court found the amount of plaintiff's damages to be $7,200, together with legal interest thereon from October 10, 1900, for which judgment was entered accordingly.

Appellant insists that this being an action to recover unliquidated damages, no interest should have been allowed on the amount found as damages. This contention, we think, must be sustained. The damages in this case were not certain upon the face of the contract, and could not be made certain by calculation. They could not be determined except

from evidence as to values in Siberia. The fact that the court, after hearing the evidence, fixed upon the price paid by plaintiff as the amount of the damages does not show that the damages, until so fixed, were certain or could be made certain by calculation.

This case as to interest seems to be fully covered by *Hewes* v. *German Fruit Co.*, 106 Cal. 441, [39 Pac. 852], which was an action for damages for refusal to accept and pay for raisins; and it was held that the damages to the seller was the difference between the contract price and the value of the property, but without interest. (See, also, *Brady* v. *Wilcoxson*, 44 Cal. 239; *Coburn* v. *Goodall*, 72 Cal. 498, [1 Am. St. Rep. 75, 14 Pac. 490]; *Cox* v. *McLaughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Ferrea* v. *Chobot*, 121 Cal. 233, [53 Pac. 689, 1092].)

Respondent urges that the judgment for interest may be sustained under section 3288 of the Civil Code upon the theory that the complaint alleges fraud. The allegations of the complaint are not sufficient to sustain a complaint for fraud. The allegations relied on are purely as to matters of opinion, and are not sufficient to charge a fraud. (*Rendell* v. *Scott*, 72 Cal. 514, [11 Pac. 779]; *Nounnan* v. *Sutter County Land Co.*, 81 Cal. 1, [22 Pac. 515].)

In *Rendell* v. *Scott*, 72 Cal. 514, [11 Pac. 779], the allegations relied on to support a charge of fraud were that certain land was the best ranch in Ione valley, and was very rich and productive, and would produce fifty bushels of wheat to the acre; that a portion was good alfalfa land, and that another portion was rich in mineral deposits; all of which were said to be merely matters of opinion.

In the case at bar the allegations pertinent to this question are that defendant represented that the boiler in question was a great improvement upon all other boilers, and was superior to all other boilers, and was able to perform the work for which it was to be made. All of this was clearly matter of opinion and "puffing."

Besides, the complaint fails to allege that any of these statements were made with intent to deceive plaintiff, or to induce him to enter into the contract. (Civ. Code, sec. 1572.)

The complaint does not state a case of fraud, and the judgment for interest cannot be supported on that theory, and

the judgment should be modified by reducing the same to the sum of $7,200, as of the date of the entry of said judgment.

There are no other questions that merit discussion.

The order denying the motion for a new·trial is affirmed, and the judgment is modified, as of the date of the entry thereof, to wit, March 7, 1903, so as to read as follows: "Wherefore, by reason of the law, and the finding aforesaid, it is ordered, adjudged and decreed that C. Krasilnikoff, plaintiff, have and recover from P. F. Dundon, defendant, the sum of seven thousand two hundred ($7,200) dollars, with interest thereon at the rate of seven per cent per annum, from this 7th day of March, 1903, until paid, together with said plaintiff's costs and disbursements incurred in this action, amounting to the sum of $89.00"; and as so modified the judgment is affirmed.

Defendant recovers his costs of this appeal.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1908.